To:  Plaintiff_____

   You are hereby notified to file a written response to the enclosed __Answer_____ within twenty (20) days from service hereof or a judgment may be entered against you.

_____
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL and KELLY YURCIC | : |
| | : |
|    v. | : |
| | : |
| PURDUE PHARMA, L.P. | :   C.A. No. 02-CV-3737 |
|   and | : |
| PURDUE PHARMA, INC. | : |
|   and | : |
| PURDUE FREDERICK COMPANY | : |
|   and | : |
| ABBOTT LABORATORIES | : |
|   and | : |
| ABBOTT LABORATORIES, INC. | : |
|   and | : |
| MORTON RUBIN, M.D. | : |
|   and | : |
| HOWARD R. CORBIN, M.D. | : |
| | : |

**ANSWER OF DEFENDANTS, HOWARD R. COHEN, M.D.,**
**TO PLAINTIFF'S COMPLAINT WITH**
**<u>AFFIRMATIVE DEFENSES</u>**

  1.  Denied. After reasonable investigation, answering defendant is without knowledge sufficient to form

Doc#: 1308746

a belief as to the truth of the allegations contained in paragraph 1 of plaintiffs' Complaint.

2-15.    The averments stated in the corresponding paragraphs refer to Defendants other than Answering

Defendant; accordingly, no response to same is required.

16-17.  Denied as stated.  Defendant, Howard R. Cohen, M.D., was a duly licensed physician at all

times relevant who maintained an office and regular place of business at 4713 Trindle Road, Mechanicsburg, PA

17055.

18-52.  Denied and deemed to be at issue pursuant to F. R.C.P. 11(b)(4).  By way of

further answer, the averments stated in the corresponding paragraphs refer to Defendants other than

Answering Defendant; accordingly, no response to same is required.

53-82.  Denied and deemed to be at issue pursuant to F. R.C.P. 11(b)(4).      By way of

further answer, the decedent's medical condition, treatment, and evaluation are set forth in the medical records, which

are in writing and speak for themselves.

83-90.  Denied as conclusions of law to which no further response is required.  Should a

response be required, said allegations are denied and deemed to be at issue pursuant to F. R.C.P. 11(b)(4).

<u>**COUNT I**</u>
<u>**MICHAEL YURCIC vs. PHARMACEUTICAL DEFENDANTS**</u>

<u>**NEGLIGENCE**</u>

91.  Answering defendant incorporates by reference his responses to paragraphs 1 through 90 of

plaintiffs' Complaint as though fully set forth herein at length.

92-102.The averments stated in the corresponding paragraphs refer to Defendants other than

Answering Defendant; accordingly, no response to same is required.


## COUNT II
## MICHAEL YURCIC vs. PHARMACEUTICAL DEFENDANTS

### BREACH OF EXPRESS WARRANTY


103.  Answering defendant incorporates by reference his responses to paragraphs 1 through 102 of plaintiffs' Complaint as though fully set forth herein at length.

104-114. The averments stated in the corresponding paragraphs refer to Defendants other than Answering Defendant; accordingly, no response to same is required.


## COUNT III
## MICHAEL YURCIC vs. PHARMACEUTICAL DEFENDANTS

### FRAUD


115.  Answering defendant incorporates by reference his responses to paragraphs 1 through 114 of plaintiffs' Complaint as though fully set forth herein at length.

116-124. The averments stated in the corresponding paragraphs refer to Defendants other than Answering Defendant; accordingly, no response to same is required.


## COUNT IV
## MICHAEL YURCIC vs. MORTON RUBIN, M. D.

### MEDICAL MALPRACTICE

Doc#: 1308746

3

125.  Answering defendant incorporates by reference his responses to paragraphs 1 through 124 of plaintiffs' Complaint as though fully set forth herein at length.

126-135. The averments stated in the corresponding paragraphs refer to Defendants other than Answering Defendant; accordingly, no response to same is required.

## COUNT V
## MICHAEL YURCIC vs. HOWARD R. COHEN, M. D.

### MEDICAL MALPRACTICE

136.  Answering defendant incorporates by reference his responses to paragraphs 1 through 135 of plaintiffs' Complaint as though fully set forth herein at length.

137.  Denied as stated.  Defendant, Howard R. Cohen, M.D., was a duly licensed physician at all times relevant who maintained an office and regular place of business at 4713 Trindle Road, Mechanicsburg, PA 17055.

138-146.  Denied as conclusions of law to which no further response is required.  Should a response be required, said allegations are denied and deemed to be at issue pursuant to F. R.C.P. 11(b)(4).   All allegations of reckless behavior are specifically denied.

## COUNT VI
## KELLY  YURCIC vs. ALL DEFENDANTS

### LOSS OF CONSORTIUM

Doc#: 1308746

4

147.    Answering defendant incorporates by reference his responses to paragraphs 1 through 146 of plaintiffs' Complaint as though fully set forth herein at length.

148.    Denied. After reasonable investigation, answering defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 148 of plaintiff's Complaint.

149-150. Denied as conclusions of law to which no further response is required.  Should a response be required, said allegations are denied and deemed to be at issue pursuant to F. R.C.P. 11(b)(4).

151-153. The averments stated in the corresponding paragraphs refer to Defendant other than Answering Defendant; accordingly, no response to same is required.

154-155. Denied as conclusions of law to which no further response is required.  Should a response be required, said allegations are denied and deemed to be at issue pursuant to F. R.C.P. 11(b)(4).

## **AFFIRMATIVE DEFENSES**

**First Affirmative Defense.**    Recovery of medical expenses paid by any third-party, including an insurance carrier, is barred pursuant to Section 602 of the Healthcare Services Malpractice Act of 1975, As Amended (acted October 15, 1972, P.L. 390 111 (P.S. §1301.602)) and 40 P. S..1303.

**Second Affirmative Defense**. Plaintiffs may have assumed the risk of the medical treatment rendered and/or may have been contributorily negligent.

**Third Affirmative Defense**.  Plaintiffs' cause of action or a portion thereof may be barred by the applicable statute of limitations.

**Fourth Affirmative Defense.** Plaintiffs' claims may be barred or reduced by the provisions of the

Doc#: 1308746

5

Pennsylvania Comparative Negligence Act, 42 Pa. C.S.A. §7102.

**Fifth Affirmative Defense**. Any injury to plaintiffs may have been due to an underlying medical condition and/or to other factors beyond the control of answering defendant.

**Sixth Affirmative Defense.** Plaintiffs' claims are barred by virtue of the doctrine of supervening/intervening causation.

**Seventh Affirmative Defense.** Any claim which plaintiffs may make regarding entitlement to damages for delay may be barred on the grounds that such a claim, or a source of authorization, is violative of the due process requirements of the Pennsylvania or United States Constitutions, and/or same constitutes an illegal penalty.

WHEREFORE, answering defendant, Howard R. Cohen, M.D., respectfully requests this Court to enter judgment in their favor along with attorney's fees and costs.

**WHITE AND WILLIAMS LLP**

By: _____
Allan H. Starr, Esquire
Stephan R. Paul, Esquire
Attorneys for Defendant,
Howard R. Cohen, M.D.

Doc#: 1308746

6

## <u>CERTIFICATE OF SERVICE</u>

I, Stephan R. Paul, Esquire, counsel for defendants, Howard R. Cohen, M. D., hereby certifies that a true

and correct copy of the foregoing Answer to Plaintiffs' Complaint with Affirmative Defenses has been served on all

counsel this        day of        , 2002 via First Class, U.S. Mail, postage prepaid.

_____

STEPHAN R. PAUL, ESQUIRE

Doc#: 1308746