UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL and KELLY YURCIC | : |
| | : |
| Plaintiffs, | : |
| | : Case No. 02-CV-3737 |
| vs. | : |
| | : |
| PURDUE PHARMA, L.P., PURDUE PHARMA, INC., PURDUE FREDERICK COMPANY and ABBOTT LABORATORIES, ABBOTT LABORATORIES, INC. and MORTON RUBIN, M.D. and HOWARD R. CORBIN, M.D. | : JURY TRIAL DEMANDED |
| | : |
| Defendants. | : |

**DEFENDANTS ABBOTT LABORATORIES AND ABBOTT
LABORATORIES, INC.'S ANSWER TO COMPLAINT**

Defendants Abbott Laboratories and Abbott Laboratories, Inc. (collectively "Abbott") answer Plaintiffs' Complaint ("Complaint") as follows:

1. Abbott admits that Plaintiffs allege they are citizens of the Commonwealth of Pennsylvania. Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2. Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3. Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint.

4. Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5. Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6. Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7. Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8. Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9. Abbott admits that Abbott Laboratories is an Illinois corporation with its principal place of business in Abbott Park, Illinois.

10. Abbott denies the allegations contained in Paragraph 10 of the Complaint except admits that Abbott Laboratories provides limited and defined promotional assistance in the marketing of OxyContin® in the Commonwealth of Pennsylvania.

11. Abbott denies the allegations contained in Paragraph 11 of the Complaint.

12. Abbott admits that Abbott Laboratories, Inc. is a Delaware corporation with its principal place of business in Abbott Park, Illinois.

13. Abbot denies the allegations contained in Paragraph 13 of the Complaint except admits that Abbott Laboratories, Inc. provides limited and defined promotional assistance in the marketing of OxyContin® in the Commonwealth of Pennsylvania.

14. Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15. Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16. Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17. Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18. Abbott admits the allegations contained in Paragraph 18 of the Complaint.

19. Abbott denies the allegations contained in Paragraph 19 of the Complaint, except admits oxycodone is an opioid analgesic and that the Package Insert for OxyContin® says it has "an abuse liability similar to morphine."

20. Abbott admits the Defendant Purdue Pharma L.P. developed and/or patented OxyContin® which was approved for sale by the FDA in December 1995. Abbott is without knowledge or information sufficient to form a belief as to whether OxyContin® was developed and/or approved "as the 'first and only 12-hour oxycodone analgesic.'"

21. Abbott admits the allegations contained in Paragraph 21 of the Complaint.

22. Abbott admits the allegations contained in Paragraph 22 of the Complaint.

23. On information and belief, Abbott admits that in May 2001 the 160 mg. tablets of OxyContin® were discontinued.

24. Abbott denies the allegations contained in Paragraph 24 of the Complaint except admits that the co-promotion agreement to market OxyContin® was signed by Abbott Laboratories and Purdue Pharma L.P.

25. Abbott admits that the package insert for OxyContin® says that it may be "effectively administered every 12 hours." Abbott is without knowledge or information sufficient to form a

belief as to what Plaintiffs mean by "short-acting pain medications which must be taken every three to six hours."

26. Abbott denies the allegations contained in Paragraph 26 of the Complaint.

27. Abbott admits that OxyContin® is a Schedule II controlled substance and that Plaintiffs have set forth in subparagraphs (a) through (c) of Paragraph 27 some of the criteria provided in 21 U.S.C. §812 for making this designation.

28. Abbott admits the allegations contained in Paragraph 28 of the Complaint.

29. Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint.

30. Abbott denies the allegations contained in Paragraph 30 of the Complaint.

31. Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint except states that the FDA letter to Purdue, dated May 11, 2000, speaks for itself.

32. Abbott denies the allegations contained in Paragraph 32 of the Complaint.

33. Abbott denies the allegations contained in Paragraph 33 of the Complaint.

34. Abbott denies the allegations contained in Paragraph 34 of the Complaint.

35. Abbott denies the allegations contained in Paragraph 35 of the Complaint.

36. Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint except states that the results of the clinical trials speak for themselves.

37. Abbott denies the allegations contained in Paragraph 37 of the Complaint.

38. Abbott denies the allegations contained in Paragraph 38 of the Complaint.

39. Abbott denies the allegations contained in Paragraph 39 of the Complaint.

40. Abbott denies the allegations contained in Paragraph 40 of the Complaint.

41. Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint.

42. Abbott denies the allegations contained in Paragraph 42 of the Complaint.

43. Abbott denies the allegations contained in Paragraph 43 of the Complaint.

44. Abbott denies the allegations contained in Paragraph 44 of the Complaint.

45. Abbott denies the allegations contained in Paragraph 45 of the Complaint.

46. Abbott denies the allegations contained in Paragraph 46 of the Complaint.

47. Abbott denies the allegations contained in Paragraph 47 of the Complaint.

48. Abbott did not design or formulate OxyContin® and, consequently, it is without knowledge or information sufficient to form a belief concerning the allegations in Paragraph 48 of the Complaint.

49. Abbott denies the allegations contained in Paragraph 49 of the Complaint.

50. Abbott denies the allegations contained in Paragraph 50 of the Complaint.

51. Abbott denies the allegations contained in Paragraph 51 of the Complaint.

52. Abbott denies the allegations contained in Paragraph 52 of the Complaint except Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of the Paragraph 52 of the Complaint.

53. Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Complaint.

54. Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Complaint.

55. Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Complaint.

56. Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Complaint.

57. Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the Complaint.

58. Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Complaint.

59. Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Complaint.

60. Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint.

61. Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the Complaint.

62. Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Complaint.

63. Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the Complaint.

64. Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the Complaint.

65. Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of the Complaint.

66. Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of the Complaint.

67. Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of the Complaint.

68. Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the Complaint.

69. Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the Complaint.

70. Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of the Complaint.

71. Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the Complaint.

72. Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the Complaint.

73. Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of the Complaint.

74. Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of the Complaint.

75. Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of the Complaint.

76. Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of the Complaint.

77. Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 of the Complaint.

78. Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of the Complaint.

79. Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 of the Complaint.

80. Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 of the Complaint.

81. Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of the Complaint.

82. Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of the Complaint.

83. Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of the Complaint.

84. Abbott denies the allegations contained in Paragraph 84 of the Complaint.

85. Abbott denies the allegations contained in Paragraph 85 of the Complaint.

86. Abbott denies the allegations contained in Paragraph 86 of the Complaint.

87. Abbott denies the allegations contained in Paragraph 87 of the Complaint.

88. Abbott denies the allegations contained in Paragraph 88 of the Complaint.

89. Abbott denies the allegations contained in Paragraph 89 of the Complaint.

90. Abbott denies the allegations contained in Paragraph 90 of the Complaint.

## COUNT 1

### Negligence

91. Abbott denies each and every allegation contained in Paragraphs 1 through 90 of the Complaint, except as expressly admitted.

92. Abbott denies the allegations contained in Paragraph 92 of the Complaint.

93. Abbott denies the allegations contained in Paragraph 93 of the Complaint.

94. Abbott denies the allegations contained in Paragraph 94 of the Complaint.

95. Abbott denies the allegations contained in Paragraph 95 of the Complaint, including subparagraphs (a) through (f).

96. Abbott denies the allegations contained in Paragraph 96 of the Complaint.

97. Abbott denies the allegations contained in Paragraph 97 of the Complaint.

98. Abbott denies the allegations contained in Paragraph 98 of the Complaint.

99. Abbott denies the allegations contained in Paragraph 99 of the Complaint.

100. Abbott denies the allegations contained in Paragraph 100 of the Complaint.

101. Abbott denies the allegations contained in Paragraph 101 of the Complaint.

102. Abbott denies the allegations contained in Paragraph 102 of the Complaint.

Abbott denies that Plaintiffs are entitled to the relief prayed in the Wherefore clause.

## COUNT II

### Breach of Express Warranty

103. Abbott denies each and every allegation contained in Paragraphs 1 through 102 of the Complaint, except as expressly admitted.

104. Abbott denies the allegations contained in Paragraph 104 of the Complaint.

105. Abbott denies the allegations contained in Paragraph 105 of the Complaint.

106.  Abbott denies the allegations contained in Paragraph 106 of the Complaint.

107.  Abbott denies the allegations contained in Paragraph 107 of the Complaint.

108.  Abbott denies the allegations contained in Paragraph 108 of the Complaint.

109.  Abbott denies the allegations contained in Paragraph 109 of the Complaint.

110.  Abbott denies the allegations contained in Paragraph 110 of the Complaint.

111.  Abbott denies the allegations contained in Paragraph 111 of the Complaint.

112.  Abbott denies the allegations contained in Paragraph 112 of the Complaint.

113.  Abbott denies the allegations contained in Paragraph 113 of the Complaint.

114.  Abbott denies the allegations contained in Paragraph 114 of the Complaint.

Abbott denies that Plaintiffs are entitled to the relief prayed in the Wherefore clause.

## COUNT III

### Fraud

115.  Abbott denies each and every allegation contained in Paragraphs 1 through 114, except as expressly admitted.

116.  Abbott did not manufacture, dispense or distribute OxyContin® and therefore owed no duties with respect to those activities.  The remaining statements of Paragraph 116 of the Complaint are allegations of law which require no admission or denial.

117.  Abbott denies the allegations contained in Paragraph 117 of the Complaint.

118.  Abbott denies the allegations contained in Paragraph 118 of the Complaint.

119.  Abbott denies the allegations contained in Paragraph 119 of the Complaint.

120.  Abbott denies the allegations contained in Paragraph 120 of the Complaint.

121.  Abbott denies the allegations contained in Paragraph 121 of the Complaint.

122.  Abbott denies the allegations contained in Paragraph 122 of the Complaint.

123. Abbott denies the allegations contained in Paragraph 123 of the Complaint.

124. Abbott denies the allegations contained in Paragraph 124 of the Complaint.

Abbott denies that Plaintiffs are entitled to the relief prayed in the Wherefore clause.

## COUNT IV

### Medical Malpractice

125. Abbott denies each and every allegation contained in Paragraphs 1 through 124 of the Complaint, except as expressly admitted.

126. Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 126 of the Complaint.

127. Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 127 of the Complaint.

128. Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 128 of the Complaint.

129. Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 129 of the Complaint.

130. Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 130 of the Complaint.

131. Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 131 of the Complaint.

132. Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 132 of the Complaint.

133. Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133 of the Complaint.

134. Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 134 of the Complaint.

135. Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 135 of the Complaint.

Abbott denies that Plaintiffs are entitled to the relief prayed in the Wherefore clause.

## COUNT V

### Medical Malpractice

136. Abbott denies each and every allegation contained in Paragraphs 1 through 135 of the Complaint, except as expressly admitted.

137. Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 137 of the Complaint.

138. Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 138 of the Complaint.

139. Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 139 of the Complaint.

140. Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 140 of the Complaint.

141. Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 141 of the Complaint.

142. Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 142 of the Complaint.

143. Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 143 of the Complaint.

144. Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 144 of the Complaint.

145. Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 145 of the Complaint.

146. Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 146 of the Complaint.

Abbott denies that Plaintiffs are entitled to the relief prayed in the Wherefore clause.

## COUNT VI

### Loss of Consortium

147. Abbott denies each and every allegation contained in Paragraphs 1 through 146 of the Complaint, except as expressly admitted.

148. Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 148 of the Complaint.

149. Abbott denies the allegations contained in Paragraph 149 of the Complaint.

150. Abbott denies the allegations contained in Paragraph 150 of the Complaint.

151. Abbott denies the allegations contained in Paragraph 151 of the Complaint.

152. Abbott denies the allegations contained in Paragraph 152 of the Complaint.

153. Abbott denies the allegations contained in Paragraph 153 of the Complaint.

154. Abbott denies the allegations contained in Paragraph 154 of the Complaint.

155. Abbott denies the allegations contained in Paragraph 155 of the Complaint.

Abbott denies that Plaintiffs are entitled to the relief prayed in the Wherefore clause.

## DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Abbott upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Federal law and regulations preempt the claims of the Plaintiffs.

### THIRD AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over Abbott.

### FOURTH AFFIRMATIVE DEFENSE

The doctrines of unclean hands, laches, waiver, and/or estoppel bar the claims of the Plaintiffs.

### FIFTH AFFIRMATIVE DEFENSE

If some or all of these defendants are found to be jointly responsible for the injuries of the Plaintiff, then liability of such defendants must be limited in accordance with applicable law governing contribution and indemnity.

### SIXTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs are barred to the extent that they have failed to exhaust any administrative remedies.

### SEVENTH AFFIRMATIVE DEFENSE

The injuries and damages, if any, sustained by Plaintiffs resulted from Michael Yurcic's own conduct so that the principles of contributory negligence, comparative fault, and/or assumption of risk apply.

**EIGHTH AFFIRMATIVE DEFENSE**

The claims of Plaintiffs are barred to the extent they resulted from the conduct of any third parties or from a superseding and/or intervening cause.

**NINTH AFFIRMATIVE DEFENSE**

Abbott at all times conformed to the state of the art, knowledge of risks and the trade and custom in the industry that existed at the relevant time.

**TENTH AFFIRMATIVE DEFENSE**

The Complaint fails to allege facts sufficient to entitle Plaintiffs to an award of exemplary or punitive damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

Abbott is entitled to a set off for all sums of money recovered by or on behalf of the Plaintiffs from other parties or non-parties to this action.

**TWELFTH AFFIRMATIVE DEFENSE**

The product, packaging, or instructions referenced in the Complaint comply with any and all applicable Federal regulations that existed at the time of sale.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The Plaintiffs' claims are barred in whole or in part because the proximate cause of any alleged injury was Michael Yurcic's choice to use OxyContin® in a manner other than that prescribed or recommended, or to misuse, or to abuse OxyContin® tablets.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The superseding cause of any injury allegedly sustained by the Plaintiffs is conduct which is illicit, criminal, or otherwise improper, and for which Abbott cannot be held responsible.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims may be barred by the statute(s) of limitations.

### SIXTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs are barred from recovering any damages because the dangers, if any, claimed by them were open and obvious.

### SEVENTEENTH AFFIRMATIVE DEFENSE

If the product allegedly involved in this action was defective or unreasonably dangerous, which Abbott denies, then the Plaintiffs were aware thereof and unreasonably proceeded to make use of the product in that condition.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Abbott states that all OxyContin® tablets lawfully sold or distributed in the United States carry warnings that adequately informed Michael Yurcic or his learned intermediaries of any alleged health risks of using OxyContin® tablets.

### NINETEENTH AFFIRMATIVE DEFENSE

The claims of the Plaintiffs are barred to the extent the injuries alleged in the Complaint were caused or enhanced by pre-existing or unrelated medical or psychiatric conditions and/or idiosyncratic reactions to OxyContin® tablets.

### TWENTIETH AFFIRMATIVE DEFENSE

The claims of the Plaintiffs are barred by the learned intermediary doctrine.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovering any damages because any harm caused by OxyContin® tablets was caused by an inherent aspect of the product that could not be eliminated without compromising its usefulness.

### **TWENTY-SECOND AFFIRMATIVE DEFENSE**

The Plaintiffs are barred from recovering any damages because there was no practical or technically feasible design or formulation that would have prevented the harm alleged without substantially impairing the usefulness or intended purpose of the product.

### **TWENTY-THIRD AFFIRMATIVE DEFENSE**

The product at issue in this litigation is not defective or unreasonably dangerous because it is a prescription pharmaceutical bearing adequate warnings, and is subject to the comment j exception to strict tort liability as set forth in Section 402A of the Restatement (Second) of Torts (1965), or because it is a prescription pharmaceutical that is unavoidably unsafe pursuant to comment k of Section 402A of the Restatement (Second) of Torts (1965).

### **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claim of fraud is not pleaded with the required particularity.

### **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims for punitive damages violate the Excessive Fines and Penalties clause of the United States Constitution and the correlative provisions of the Pennsylvania Constitution. These claims also violate Abbott's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and by the Pennsylvania Constitution.

### **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' warranty claims may be barred as a result of failure to give adequate notice as required under the Pennsylvania Uniform Commercial Code.

WHEREFORE, Abbott adopts and incorporates by reference any affirmative defense asserted by any other defendant to this action to the extent such affirmative defense applies to

Abbott, and, further, gives notice that it intends to rely on additional affirmative defenses that become available or apparent during discovery.

## REQUEST FOR RELIEF

Abbott respectfully requests that this Court:

1. Award to Abbott its costs and attorneys' fees incurred in the defense of this action;

2. Dismiss the Complaint with prejudice and without costs to Abbott; and

3. Award to Abbott such other relief as this Court deems just and equitable.

## JURY DEMAND

Abbott demands a trial by jury.

        Respectfully submitted,

        **LAVIN, COLEMAN, O'NEIL, RICCI, FINARELLI & GRAY**

BY: _____
        Joseph E. O'Neil, Esquire
        **Attorneys for Defendants**
        **Abbott Laboratories and**
        **Abbott Laboratories, Inc.**

DATED: _____

**Of Counsel:**

Paul F. Strain
Elizabeth C. Honeywell
Venable, Baetjer and Howard, LLP
1800 Mercantile Bank & Trust Building
2 Hopkins Plaza
Baltimore, Maryland 21201-2978
410-244-7400
410-244-7742 (fax)

## CERTIFICATE OF SERVICE

I, Joseph E. O'Neil, Esquire, hereby certify that a copy of the foregoing Answer and Affirmative Defenses of Defendants' Abbott Laboratories and Abbott Laboratories, Inc. was mailed to the following by first class mail, postage prepaid, this 19th day of June, 2002:

Sol H. Weiss, Esquire
Marc Stolee, Esquire
Anapol, Schwartz, Weiss, Cohan,
Feldman & Smalley, P.C.
1900 Delancey Place
Philadelphia, PA 19103

Allan H. Starr, Equire
Stephen Paul, Esquire
White & Williams, LLP
1800 One Liberty Place
Philadelphia, PA 19103-7395

Angelo L. Scaricamazza, Jr., Esquire
Kenneth S. Fair, Esquire
McNulty, Scaricamazza & McDevitt, Ltd.
One Penn Center, Suite 1600
1617 John F. Kennedy Boulevard
Philadelphia, PA 19103

Edward F. Mannino, Esquire
Jason A. Snyderman, Esquire
Akin, Gump, Strauss, Hauer & Feld, LLP
One Commerce Square
2005 Market Street, Ste. 2200
Philadelphia, PA 19103

_____
Joseph E. O'Neil, Esquire