UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL and KELLY YURCIC, | : | |
|     Plaintiffs | : | CIVIL ACTION |
| v. | : | |
| | : | |
| PURDUE PHARMA, L.P., PURDUE PHARMA, | : | NO. 02-3737 |
| INC., PURDUE FREDERICK COMPANY, | : | |
| ABBOTT LABORATORIES, ABBOTT | : | |
| LABORATORIES, INC., MORTON RUBIN, | : | |
| M.D., and HOWARD R. CORBIN, M.D. | : | |
|     Defendants | : | |

## MOTION FOR REMAND

Plaintiffs Michael and Kelly Yurcic, by and through their attorneys, ANAPOL, SCHWARTZ, WEISS, COHAN, FELDMAN & SMALLEY, P.C., hereby move for remand of the above captioned case, from the United States District Court for the Eastern District of Pennsylvania to the Court of Common Pleas of Philadelphia County, pursuant to 28 U.S.C. § 1447, and in support of such remand aver:

    1.    On or about January 4, 2002, Plaintiffs Michael and Kelly Yurcic initiated this litigation with a filing of a Writ of Summons in the Court of Common Pleas of Philadelphia County. (A true and correct copy of Plaintiffs' Writ of Summons is attached hereto as Exhibit "A").

    2.    On or about May 31, 2002, Plaintiffs Michael and Kelly Yurcic filed a Complaint in the Court of Common Pleas of Philadelphia County, entitled <u>Michael and Kelly Yurcic v. Purdue Pharma, L.P., Purdue Pharma, Inc., Purdue Frederick Company, Abbott Laboratories, Abbott Laboratories, Inc., Morton Rubin, M.D. and Howard R. Corbin, M.D.</u>, December Term No. 004607. (A true and correct copy of Plaintiffs' Complaint is attached hereto as Exhibit "B").

    3.    The Complaint states a negligence claim against Defendants, Purdue and Abbott,

and a medical malpractice claim against Defendants Rubin and Cohen, arising from Plaintiff, Michael Yurcic's addiction and injuries caused by his ingestion of the narcotic drug OxyContin.

4. At all times relevant hereto, Defendants Purdue and Abbott manufactured, marketed, and/or distributed OxyContin and Defendants Rubin and Cohen, prescribed OxyContin to Plaintiff, Michael Yurcic.

5. Plaintiffs Michael and Kelly Yurcic are and at the time of the filing of legal process were, residents and citizens of the Commonwealth of Pennsylvania.

6. It is undisputed that Defendants Rubin and Cohen are now, and were at the time of the commencement of the State Court Action, residents and citizens of the Commonwealth of Pennsylvania.

7. On or about June 12, 2002, Defendants Purdue and Abbott improperly filed a Notice of Removal of the state court action to federal court based primarily upon diversity jurisdiction and secondarily upon a meritless federal question jurisdiction argument. (A true and correct copy of Defendants' Notice of Removal is attached hereto as Exhibit "J").

8. In the body of said Removal Notice the Defendants alleged that Plaintiff fraudulently joined Defendants Morton Rubin, M.D. and Howard R. Cohen, M.D. to defeat diversity jurisdiction. (See Exhibit "C" at ¶ 4). Such allegation is false.

9. Defendants Purdue and Abbott claim that the statute of limitations has run against the Defendant Doctors. (See Exhibit "C" at ¶ 4).

10. In the Commonwealth of Pennsylvania, the discovery rule tolls the running of the applicable statute of limitations until the point where the complaining party knows or reasonably should know that he has been injured and that his injury has been caused by another party's conduct." Crouse v. Cyclops Industries, 560 Pa. 394, 404, 745 A.2d 606, 611 (2000). (See Plaintiffs' Memorandum of Law in Support of Motion for Remand attached hereto).

11. Plaintiff maintains he did not know he was addicted to and thus injured by OxyContin until January 17, 2000. He could not have known that he was injured until such date, nor could he have learned that his injuries had been caused by the ingestion of OxyContin until such date. (See Plaintiffs' Memorandum of Law in Support of Motion for Remand attached hereto).

12. As such, the filing of a Writ of Summons in the Court of Common Pleas of Philadelphia County was within the statute of limitations with regards to all Defendants and Defendants Purdue and Abbott's claim of fraudulent joinder must fail. (See Plaintiffs' Memorandum of Law in Support of Motion for Remand attached hereto).

13. In the body of said Removal Notice the Defendants also allege that this Court has original federal question jurisdiction of this action under 28 U.S.C. § 1331, and thus this action is removable. (See Exhibit "C" at ¶ 5).

14. Defendant Purdue unsuccessfully tried to remove another case in a sister court in McCallister v. Purdue Pharma L.P., 164 F.Supp.2d 783 (S.D.W.Va. 2001) and failed to establish federal question jurisdiction. (See Plaintiffs' Memorandum of Law in Support of Motion for Remand attached hereto).

15. In the present case, Defendants Purdue and Abbott have not met its high burden of proving that this civil action arises under the Constitution, laws, or treaties of the United States in order to support removal to federal court. (See Plaintiffs' Memorandum of Law in Support of Motion for Remand attached hereto).

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court remand this action to state court and award Plaintiffs attorneys fees and costs associated with remanding this claim to state court.

                                          **Respectfully submitted,**

                                          **ANAPOL, SCHWARTZ, WEISS,**
                                             **COHAN, FELDMAN & SMALLEY, P.C.**

**BY:** _____
        SOL H. WEISS, ESQUIRE
        TRACY A. FINKEN, ESQUIRE
        MARC S. STOLEE, ESQUIRE
        Attorneys for Plaintiffs
        I.D. Nos. 15925/82258/87983
        1900 Delancey Place
        Philadelphia, PA 19103
        (215) 735-2098

**DATED:** _____