IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL and KELLY YURCIC : | |
| : | |
| v. : | |
| : | |
| PURDUE PHARMA, L.P. : | C.A. No. 02-CV-3737 |
| and : | |
| PURDUE PHARMA, INC. : | |
| and : | |
| PURDUE FREDERICK COMPANY: | |
| and : | |
| ABBOTT LABORATORIES : | |
| and : | |
| ABBOTT LABORATORIES, INC. : | |
| and : | |
| MORTON RUBIN, M.D. : | |
| and : | |
| HOWARD R. COHEN, M.D. : | |
| : | |

## ORDER

**AND NOW**, this          day of                    , 2002, upon consideration of

Plaintiffs' Motion For Remand and Memorandum of Law in Support of Response to Plaintiffs' Motion for Remand,

and the responses, if any,  thereto, it is hereby **ORDERED AND DECREED** that said Plaintiffs' Motion is

**DENIED**.

**BY THE COURT:**

_____

J.

Doc#: 1317374

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL and KELLY YURCIC | : | |
| | : | |
| v. | : | |
| | : | |
| PURDUE PHARMA, L.P. | : | C.A. No. 02-CV-3737 |
| and | : | |
| PURDUE PHARMA, INC. | : | |
| and | : | |
| PURDUE FREDERICK COMPANY: | | |
| and | : | |
| ABBOTT LABORATORIES    : | | |
| and | : | |
| ABBOTT LABORATORIES, INC. | : | |
| and | : | |
| MORTON RUBIN, M.D. | : | |
| and | : | |
| HOWARD R. COHEN, M.D. | : | |
| | : | |

**RESPONSE TO PLAINTIFFS' MOTION FOR REMAND**

Defendant, Howard R. Cohen ("Answering Defendant"), by and through his attorneys, White and Williams

LLP, respectfully submits the following Response to Plaintiffs' Motion for Remand, and in support thereof avers as

follows:

1.    Admitted.

2.    Admitted.

3.    Denied as Stated.  In further Response, the Complaint is in writing and speaks for itself.

4.    Denied as Stated.  In further Response, the Medical Records are in writing and speak for

1317374

themselves.

5.      Denied. After reasonable investigation, answering defendant is without knowledge sufficient to form a belief as to the truth of the allegation contained in paragraph  of plaintiff's Motion.

6.      Denied as stated.  Defendant, Howard R. Cohen, M.D., was a duly licensed physician at all times relevant who maintained an office and regular place of business at 4713 Trindle Road, Mechanicsburg, PA 17055.

7.      Denied as a Conclusion of Law to which no Response is Required.  In further response, however, Plaintiffs' Allegations Against Answering Defendant are barred by the Statute of Limitations.

8.      Denied as a Conclusion of Law to which no Response is Required.  In further response, however, Plaintiffs' Allegations Against Answering Defendant are barred by the Statute of Limitations.

9.      Denied as Stated.  The Statute of Limitations has, in fact, run against Defendant Doctors.

10.      Admitted.  As stated by the Plaintiffs, in the Commonwealth of Pennsylvania, the discovery rule tolls the running of the Statute of Limitations until the point where the complaining party knows **or reasonably should know** that he has been injured. (emphasis added).  Within the "four corners" of the Complaint, Plaintiffs themselves provide sufficient information that the plaintiff should have known of his injury more than two years prior to the initiation of the action.

11.      Denied as Stated. In Pennsylvania, the standard for reasonable diligence is an objective or external one that is the same for all individuals.  It is not a subjective standard.  The fact that an individual plaintiff may have lacked knowledge of his or her injury is not relevant.  The statute is tolled only if a reasonable person in the plaintiff's position would have been unaware of the salient facts.  <u>Baily v. Lewis</u>, 763 F.Supp. 802 (E.D.Pa.1991).  Within

1317374

2

the "four corners" of the Complaint, Plaintiffs themselves provide sufficient information that the plaintiff should have known of his injury more than two years prior to the initiation of the action.

12.     Denied as a Conclusion of Law to which no Response is Required.  In further response, however, Plaintiffs' Allegations Against Answering Defendant are barred by the Statute of Limitations.

13.     Denied as Stated.  In further Response, the Removal Notice is in writing and speaks for itself.

14.     Denied as a Conclusion of Law to which no Response is Required.

15.     Denied as a Conclusion of Law to which no Response is Required.

WHEREFORE, Answering Defendant for all the foregoing reasons and those set forth in the attached Brief in Support, respectfully requests that the Court enter an Order denying Plaintiffs' Motion for Remand.

*WHITE AND WILLIAMS LLP*


*By:  _____*
*ALLAN H. STARR, ESQUIRE*
*STEPHAN R. PAUL, ESQUIRE*
*Attorney I.D. Nos. 04975/86896*
*1800 One Liberty Place*
*Philadelphia, PA 19103-7395*
*(215) 864-6228/7076*
Attorneys for Answering Defendant
Dated:                                                    Howard R. Cohen, M. D.

1317374

3

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL and KELLY YURCIC | : | |
| | : | |
| v. | : | |
| | : | |
| PURDUE PHARMA, L.P. | : | C.A. No. 02-CV-3737 |
| and | : | |
| PURDUE PHARMA, INC. | : | |
| and | : | |
| PURDUE FREDERICK COMPANY: | | |
| and | : | |
| ABBOTT LABORATORIES | : | |
| and | : | |
| ABBOTT LABORATORIES, INC. | : | |
| and | : | |
| MORTON RUBIN, M.D. | : | |
| and | : | |
| HOWARD R. COHEN, M.D. | : | |
| | : | |

**BRIEF IN SUPPORT OF THE RESPONSE TO PLAINTIFFS' MOTION FOR REMAND**

Plaintiffs have filed a Motion for Remand, stating that the Defendants' Motion for Removal was

improper. Answering Defendant, Dr. Howard R. Cohen, M. D., in Response to this Motion, avers as

follows:

**I. PROCEDURAL HISTORY**

Plaintiffs, Michael and Kelly Yurcic commenced this action by filing a Praecipe for Writ of Summons on

1317374

January 4, 2002. A Complaint was filed on May 31, 2002. A copy of this Complaint is submitted herewith as Exhibit "1." On or about June 13, 2002, Co-Defendants, joined by Answering Defendant, filed a Petition for Removal to this Court on the basis of fraudulent joinder to defeat diversity jurisdiction. A copy of this Petition is submitted as Exhibit "2". On or about July 2, 2002, Plaintiffs filed a Motion for Remand. A copy of this Motion is submitted herewith as Exhibit "3."

## II. STATEMENT OF FACTS

This is an action in negligence and products liability surrounding the addiction of Plaintiff to the narcotic drug OxyContin. The allegations of the plaintiffs against Dr. Cohen and Dr. Rubin, are negligent prescription of OxyContin to which Plaintiff subsequently became addicted. The allegations against Purdue Pharma, L. L. P. and Abbott Laboratories concern the manufacture and negligent warning regarding the drug.

Plaintiff alleges that he came under the care of Dr. Cohen on or about March 8, 1999 in relation to plaintiff's potential self-overdosing of the narcotic drug, OxyContin. Dr. Cohen cared for the plaintiff at Healthsouth Rehabilitation Hospital of Mechanicsburg, Pennsylvania. Dr. Cohen is alleged to have prescribed OxyContin on one occasion, specifically upon plaintiff's discharge from that hospital on March 17, 1999.

## III. ARGUMENT

This Court should deny Plaintiffs' Motion for Remand because at the time the Praecipe for Writ of Summons was filed, the Statute of Limitations had expired, as to Drs. Cohen and Rubin. Thus, there should be diversity jurisdiction with respect to the Pharmaceutical Defendants.

Pursuant to 42 Pa.C.S. § 5524(2), in Pennsylvania, a cause of action for medical malpractice is governed

1317374

by a two year statute of limitations. Pennsylvania case law is well established that once the prescribed statutory

period for commencing a cause of action has expired, the complaining party is barred from bringing suit. Baumgart

v. Keene Building Products Corporation, 542 Pa. 194. 666 A.2d 238 (1992).

There is an exception to the aforementioned statute of limitations, referred to as the "discovery rule." The

discovery rule provides that where the existence of any injury is not known to the complaining party and such

knowledge cannot reasonably be ascertained *within* the prescribed statutory period, the statute of limitations does

not begin to run until the discovery of the injury is reasonably ascertainable. Baumgart, 666 A.2d at 240.

"Conversely, if the existence of the injury and cause thereof are reasonably ascertainable **within** the two-year

statutory period, the discovery rule does **not** apply and no tolling occurs. Baumgart, 666 A.2d at 240 (emphasis

added). Under the Discovery Rule, the two year time period is tolled and does not begin to run until the plaintiff

knows **or in the exercise of reasonable diligence should have known** that 1) he has been injured, and 2) that

his injury has been caused by another's conduct. Levenson v. Souser, 384 Pa.Super. 132, 557 A.2d 1081 (1989).

(emphasis added). In Pennsylvania, the standard for reasonable diligence is an objective or external one that is the

same for all individuals. It is not a subjective standard. The fact that an individual plaintiff may have lacked

knowledge of his or her injury is not relevant. The Statute is tolled only if a reasonable person in the plaintiff's

position would have been unaware of the salient facts. Baily v. Lewis, 763 F.Supp. 802 (E.D.Pa.1991). Moreover,

while it is true that in most cases, the question of what a plaintiff should reasonably have discovered is a factual

determination that should be left to the jury, in some cases, "the facts will be undisputed and will lead unerringly to

the conclusion that the length of time it took a plaintiff to discover the injury or its cause was unreasonable as a matter

1317374

-3-

of law." Anthony v. Koppers Co., Inc., 284 Pa.Super. 81, 425 A.2d 428, *rev'd on other grounds*, 496 Pa. 119, 436 A.2d 181 (1981).

As a general rule, a party asserting a cause of action is under a duty to use all reasonable diligence to be properly informed of the facts and circumstances upon which a potential right of recovery is based and to institute suit **within** the prescribed statutory period. Pocono International Raceway v. Pocono Produce, Inc., 503 Pa. 80, 468 A.2d 468 (1993)(emphasis added). The statute of limitations begins to run as soon as the right to institute and maintain a suit arises; lack of knowledge, mistake or misunderstanding do not toll the running of the statute of limitations. Pocono, 468 A.2d at 471. In order to begin the running of the statute of limitations, a plaintiff need not know that he has a cause of action, or that he has suffered an injury due to another party's negligence. Ingenito v. AC & S, Inc., 430 Pa. Super. 129, 633 A.2d 1172, 1174. Where the salient facts are available to a plaintiff concerning the occurrence of an injury and who and what caused it, plaintiff must follow a course of reasonable diligence in investigating and pursuing the potential claim. Burnside v. Abbott Laboratories, 351 Pa.Super. 264, 280, 505 A.2d 973, 988 (1985). A diligent investigation may require one to seek further medical examinations as well as competent legal representation. Ingenito, 633 A.2d at 1175. Failure to do so will result in the claim being time barred. See Ingenito, 633 A.2d at 1175; See also Burnside, 505 A.2d at 988. See also Bickford v. Joson, 368 Pa.Super. 211, 533 A.2d 1029, discussions at 1031-1033 (1987).

In a series of recent cases the Pennsylvania Courts have asserted a strict construction of the statute of limitations and declined to invoke the discovery rule to toll the statute. Bigansky v. Thomas Jefferson University Hospital, 442 Pa. Super. 69, 658 A.2d 423 (1995), Cochran v. GAF Corporation, 542 Pa. 210 (1995), 666 A.2d

1317374

-4-

245 (1995), <u>Baumgart v. Keene Building Products Corporation, et al</u>, 542 Pa. 194, 666 A.2d 238 (1995).

In <u>Bigansky</u>, <u>supra</u>, the plaintiff underwent jaw surgery and the implant of a prosthetic device on May 11, 1988. Shortly thereafter, she began to experience pain. Surgery was later performed on April 24, 1990, after the plaintiff was informed that defective implants had been used in the original surgery. The plaintiff argued that the statute of limitations had been tolled until April 24, 1990 when she first discovered that defective implants were used. Despite the patient's inability to see or to determine, before the second surgery, whether the implants were defective, the Court held that she should have known by reason of the pain that the surgery was a cause and investigated her claim. The statute of limitations was held to have run from the time of the surgery.

In addition to the above, a plaintiff need <u>not</u> know the precise extent of his injuries before the statutory period begins to run. <u>Bradley v. Ragheb</u>, 429 Pa.Super. 616, 633 A.2d 192 (1993)(citing: <u>Stephenson v. Greenberg</u>, 421 Pa.Super. 1, 617 A.2d 364 (1992); <u>Shadle v. Pearce</u>, 287 Pa.Super. 436, 430 A.2d 683 (1981)). In <u>Stephenson</u>, <u>supra</u>, the Court specifically addressed a situation in which during the two year statutory period the extent of complainant's alleged injuries became <u>more fully known</u> to plaintiffs. In <u>Stephenson</u>, plaintiff-wife was treated with a prescription drug, to which she had allegedly informed the defendant hospital that she was allergic. On September 22, 1985, plaintiff-wife had a reaction to the drug, exhibiting itching blotchy skin, nausea, and a feeling that her throat was about to close. Plaintiff-wife alleged that on October 25, 1985, she had a <u>repeat</u> occurrence and that she then began having panic attacks which were later discovered to be post-traumatic stress disorders which related back to the original negligent administration of the drug. Plaintiffs filed a Writ of Summons on October 8, 1987. The lower court granted defendants Motion for Summary Judgment as the court found that plaintiffs' claims

1317374

were barred by the applicable two year statute of limitations.  The lower court found that plaintiff-wife's <u>initial symptoms signifying injury</u> were experienced in September of 1985, and although, the full extent of her injuries may have become more fully known as plaintiff-wife's attacks persisted, nothing prevented plaintiffs from pursuing a cause of action before the limitations period had elapsed in September of 1997.  <u>See</u> <u>Stephenson</u>, 617 A.2d <u>at</u> 366-367. The lower court's decision was affirmed.  As discussed in <u>Stephenson</u>, <u>supra</u>, and recognized by the <u>Shadle</u> Court, to hold otherwise would create a concept in the law which would permit an injured plaintiff to have new limitations period commence for the initiation of an action for personal injuries as of the date when each complication or change in condition arose, despite the fact that no "new" negligence has occurred. Such concepts would be contrary to the legislative intent behind the statute of limitations.  <u>See</u> <u>Stephenson</u>, 617 A.2d <u>at</u> 366 (<u>quoting and discussing</u> <u>Shadle</u>, 430 A.2d <u>at</u> 685-686).

This is <u>not</u> a discovery rule case.  As discussed above, the discovery rule only arises where there is an inability of the plaintiff, *despite the exercise of due diligence*, to know of the injury or its cause *within* the statutory period.  <u>See</u> <u>Pocono</u>, <u>supra</u>.  On the face of the Complaint, Plaintiffs assert that Michael Yurcic became addicted and provide information that he should have been aware of this addiction and its cause, as of the latest on December 27, 1999.

Plaintiffs claim in their Complaint that:

> On or about November 19, 1999, Plaintiff saw Dr. Albert Zanetti, not a party to this action, who prescribed one OxyContin 20 mg. tablet every twelve hours and established a six month narcotic withdrawal plan.

 <u>See</u> Exhibit "1", Paragraph 75.

1317374

Plaintiffs subsequently state in their Complaint that:

> On or about December 17, 1999, Plaintiff went to see Dr. Zanetti with his wife. Plaintiff informed Dr. Zanetti that he followed the withdrawal plan for the first two weeks; however the next week he used his two week supply of OxyContin in one week and was presently suffering from withdrawals since he had no narcotics for approximately seven days. After a length (sic) discussion with Dr. Zanetti, Dr. Zanetti's wife, his office manager, and Plaintiff's wife, Michael Yurcic agreed to enroll in an inpatient detox program.

See Exhibit "1", Paragraph 76.

Plaintiffs subsequently state in their Complaint that:

> On or about December 27, 1999, Plaintiff Michael Yurcic was admitted to the Caron Foundation for treatment of his addiction to OxyContin.

See Exhibit "1", Paragraph 77.

Thus, the Complaint states on its face that by December 27, 1999, the plaintiff knew:

a.     He had become addicted to oxycontin;

b.     Plaintiff was prescribed a withdrawal plan;

c.     Plaintiff was unsuccessful in following the withdrawal plan;

d.     Plaintiff was suffering from withdrawal symptoms due to his lack of narcotics for

       seven days; and

e.      Plaintiff was admitted to a hospital for treatment of his addiction.

Based on the foregoing, when the plaintiffs filed their Praecipe for Writ of Summons  on January

1317374

4, 2002, the statute of limitations had expired.

In an apparent attempt to avoid the Statute of Limitations, Plaintiffs state in their Complaint that:

> Upon his admission to Caron Foundation, Plaintiff Michael Yurcic had no true comprehension of his addiction as a disease.

See Exhibit "1", Paragraph 78.

However, it is irrelevant, whether Plaintiff, Michael Yurcic, comprehended his addiction as disease. As mentioned above, it is not necessary that Plaintiff be aware of the precise extent of his injuries before the statutory period begins to run. Bradley; Shadle. The only relevant issue is whether or not Plaintiff, Michael Yurcic was or should have been aware of his addiction. Answering defendant asserts that this was the case. Therefore, in viewing the evidence in the light most favorable to the plaintiff, it is clear that plaintiff knew or should have known of his injury and had sufficient knowledge of the operative facts **within** two years of the date of the alleged negligence to institute the suit within the prescribed statutory period.

Accordingly, plaintiffs' claims are barred by the applicable statute of limitations and Plaintiffs' Motion for Remand should be Denied.

## IV. CONCLUSION

For all the foregoing reasons, Defendant, Howard R. Cohen, M. D., respectfully requests that this Court deny Plaintiffs' Motion for Remand.

*WHITE AND WILLIAMS LLP*

1317374

*By:* _____

*ALLAN H. STARR, ESQUIRE*
*STEPHAN R. PAUL, ESQUIRE*
*Attorney I.D. Nos. 04975/86896*
*1800 One Liberty Place*
*Philadelphia, PA 19103-7395*
*(215) 864-6228/7076*
Attorneys for Answering Defendant
Howard R. Cohen, M. D.

Dated:

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

MICHAEL and KELLY YURCIC           :
                                   :
          v.                       :
                                   :
PURDUE PHARMA, L.P.                :    C.A. No. 02-CV-3737
     and                           :
PURDUE PHARMA, INC.                :
     and                           :
PURDUE FREDERICK COMPANY:
     and                           :
ABBOTT LABORATORIES        :
     and                           :
ABBOTT LABORATORIES, INC.          :
     and                           :
MORTON RUBIN, M.D.                 :

1317374

and                                                        :
HOWARD R. COHEN, M.D.                                      :
_____                    :

### CERTIFICATE OF SERVICE

I, Stephan R. Paul, Esquire, hereby certify that on the     day of             , 2002, I caused true and correct copies of the foregoing Response to Plaintiffs' Motion for Remand and Brief in Support of the Respo to Plaintiffs' Motion for Remand of Defendant, Howard R. Cohen, M. D., to be served upon the following persons, by placing same in the United States mail, first-class and postage prepaid:

TO:     Sol H. Weiss, Esquire
        1900 Delancy Place
        Philadelphia, PA. 19103
        **Attorneys for Plaintiffs**

        Edward F. Mannino, Esquire
        Katherine Menapace, Esquire
        One Commerce Square
        2005 Market Street-Suite 2200
        Philadelphia, PA 19103
        **Attorneys for Defendant Purdue Pharma**

        Joseph E. O'Neil, Esquire
        Penn Mutual Tower, 10th Floor
        510 Walnut Street
        Philadelphia, PA 19106
        **Attorneys for Abbott Laboratories**

        E. Chandler Hosmer, III, Esquire
        1600 Market St., 33rd Floor
        Philadelphia, PA 19103
        **Attorneys for Morton Rubin, M. D.**

                                        *WHITE AND WILLIAMS LLP*

1317374

2

BY:   _____
      *ALLAN H. STARR, ESQUIRE*
      *STEPHAN R. PAUL, ESQUIRE*
      *Attorneys for Defendants*
      *Howard R. Cohen, M. D.*

*DATED:*

1317374

2