IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL and KELLY YURCIC, | : | |
| Plaintiffs | : | CIVIL ACTION |
| v. | : | |
| | : | |
| PURDUE PHARMA, L.P., PURDUE PHARMA, | : | NO. 02-3737 |
| INC., PURDUE FREDERICK COMPANY, | : | |
| ABBOTT LABORATORIES, ABBOTT | : | |
| LABORATORIES, INC., MORTON RUBIN, | : | |
| M.D., and HOWARD R. COHEN, M.D. | : | |
| Defendants | : | |

### PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT, HOWARD R. COHEN'S MOTION TO DISMISS

Plaintiffs Michael and Kelly Yurcic, by and through their attorneys respectfully submit this Memorandum of Points and Authorities in Opposition to Defendant, Howard R. Cohen's Motion to Dismiss.

I. **PROCEDURAL HISTORY**

On January 4, 2002, Plaintiffs Michael and Kelly Yurcic initiated this litigation by filing of a Writ of Summons in the Court of Common Pleas of Philadelphia County. (A true and correct copy of the Writ of Summons is attached hereto as Exhibit "A"). On May 31, 2002, Plaintiffs Michael and Kelly Yurcic filed a Complaint in the Court of Common Pleas of Philadelphia County. (A true and correct copy of Plaintiffs' Complaint is attached hereto as Exhibit "B"). The Complaint states a negligence claim against Defendants, Purdue and Abbott, and a medical malpractice claim against Defendants Rubin and Cohen, both Pennsylvania residents and citizens, arising from injuries sustained by Plaintiff, Michael Yurcic, caused by his ingestion of the narcotic drug OxyContin.

On June 12, 2002, Defendants Purdue and Abbott filed a Notice of Removal of the state

court action to federal court. On July 2, 2002, Plaintiffs filed a Motion to Remand this case back to the Court of Common Pleas of Philadelphia County. This motion is currently pending before this Court. Also pending before this court is a Motion to Transfer Venue filed by Purdue Defendants on July 11, 2002.

## II.   STATEMENT OF FACTS

This is a claim for medical malpractice and negligence relating to the sale and prescription of OxyContin to Plaintiff Michael Yurcic. (See Exhibit "B"). At all relevant times hereto, Defendant Doctors, Rubin and Cohen, prescribed OxyContin to Plaintiff Michael Yurcic. (See Exhibit "B"). At no time while Plaintiff was ingesting OxyContin, was he aware of his addiction to OxyContin, nor did either Defendant Doctors indicate that he might be addicted to OxyContin.

This case is predicated on the injuries Plaintiff sustained resulting from his addiction to OxyContin. On December 27, 1999, Plaintiff was admitted to the Caron Foundation, located in Wernersville, Pennsylvania, for treatment of his addiction to OxyContin. (Id. at ¶ 76-77). Upon his admission to the Caron Foundation, Plaintiff had no true comprehension of his addiction as a disease. (Id. at ¶ 78). However, upon his release on January 17, 2000, Plaintiff recognized that he was addicted to OxyContin. (Id. at ¶ 80-83).

## III.   LEGAL ARGUMENT

### A.   Standard for Motion to Dismiss

In deciding a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true the facts pleaded in the Complaint and any reasonable inferences derived from those facts. Ford v. Schering-Plough Corp., 145 F.3d 601, 604 (3d Cir. 1998); Unger v. National Residents Matching Program, 928 F.2d 1392, 1401 (3d Cir. 1991). The court

must also construe the Complaint in the light most favorable to the Plaintiff. Colburn v. Upper Darby Township, 838 F.2d 663, 665 (3d Cir. 1988). A claim should **not** be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim unless it appears **beyond a doubt** that the Plaintiff can prove no facts to support his claim for relief. Conley v. Gibson, 355 U.S. 41 (1957); Labov v. Lalley, 809 F.2d 220 (3d Cir. 1987).

> B. **Defendant Cohen's Motion to Dismiss Should be Denied Because Plaintiffs Alleges Sufficient Facts to Establish a Claim for Medical Malpractice and the Applicable Statute of Limitations has not Expired**

Under Pennsylvania law, a cause of action for medical malpractice is governed by a two-year statute of limitations. 42 Pa.C.S. § 5524(2). However, Courts in Pennsylvania also apply a discovery rule, a judicially created device, which "tolls the running of the applicable statute of limitations until the point where the complaining party knows or reasonably should know that he has been injured and that his injury has been caused by another party's conduct." Crouse v. Cyclops Industries, 560 Pa. 394, 404, 745 A.2d 606, 611 (2000). **In applying the discovery rule, the determination of the point at which the complaining party should reasonably be aware that he has suffered an injury is a factual issue is "best determined by the collective judgment, wisdom and experience of jurors."** Id. citing White v. Owens-Corning Fiberglas Corp., 447 Pa.Super. 5, 22, 668 A.2d 136, 144 (1995) (emphasis added). Thus, according to the Supreme Court of Pennsylvania, "once the running of the statute of limitations is properly tolled, **only where the facts are so clear that reasonable minds cannot differ** may the commencement of the limitations period be determined as a matter of law." Id. (emphasis added)

To determine when the statute should begin to run under the discovery rule, "the **finder of fact** focuses on whether the plaintiff was reasonably diligent in discovering his injury. Reasonable diligence is precisely that--a reasonable effort to discover the cause of an injury

under the facts and circumstances present in the case." Id.(emphasis added). Reasonable diligence "is sufficiently flexible ... to take into account the difference[s] between persons and their capacity to meet certain situations and the circumstances confronting them at the time in question." Id. at 404-05 citing Burnside v. Abbott Laboratories, 351 Pa.Super. 264, 292, 505 A.2d 973, 988 (1985). Therefore, a plaintiff's actions must be evaluated to determine whether he exhibited "those qualities of attention, knowledge, intelligence and judgment which society requires of its members for the protection of their own interests and the interests of others." Id. at 405. Thus, a plaintiff must exercise only the "level of diligence that a reasonable man would employ under the facts and circumstances presented in a particular case." Id.

In the present case, the harm caused to Plaintiff Michael Yurcic resulted from his addiction to OxyContin. (See Exhibit "B" at ¶ 84-90). Despite Defendants' claims, at no time prior to January 17, 2000 has Plaintiff alleged that he was addicted to OxyContin. (See Exhibit "B"). In fact, Plaintiff specifically avers that upon his admission to Caron Foundation, he had no true comprehension of his addiction as a disease. (See Exhibit "B" at ¶ 78). Thus, under the discovery rule, the applicable statute of limitations tolls until the point where Michael Yurcic knew or reasonably should have known that he has been injured and that his injury has been caused by the ingestion of OxyContin, in this instance on or about January 17, 2000. Accordingly, based on the face of the Complaint, the earliest the statute of limitations could have expired was on or about January 17, 2002, thirteen days after the Writ of Summons was filed in the Court of Common Pleas of Philadelphia County on January 4, 2002. (See Exhibit "A").

Defendant Cohen's argument that the Discovery Rule is inapplicable is fatally flawed in two respects: first, Defendant Cohen argues that this court should ignore facts pleaded in the

Complaint; and second, Defendant's premise requires that this court make inferences favorable to the Defendant and detrimental to the Plaintiffs, both of which are inapposite of existing case law. See Ford, 145 F.3d at 601; Unger, 925 F.2d at 1401; Colburn, 838 F.2d at 665; see also Defendant Cohen' Motion to Dismiss attached hereto as Exhibit "C." Plaintiff has alleged in his Complaint that "[u]pon his admission to Caron Foundation, [he] had no true comprehension of his addiction as a disease." (See Exhibit "B" at ¶ 78). Defendant Cohen beseeches this court to disregard Plaintiff's averment. The law is clear, in a Fed.R.Civ.P. 12(b)(6) Motion, this Court must accept as true the facts pleaded in the Complaint and any reasonable inferences derived from those facts. Ford, 145 F.3d at 604. Accordingly, under existing case law, this court must take this fact as true.

Defendant Cohen also argues that this court should make inferences from the facts in his favor. It is black letter law that the court must construe the Complaint in the light most favorable to the Plaintiff not the Defendant. See Colburn, 838 F.2d at 665-66. With a play on words, Defendant Cohen argues "comprehended" does not equate to the knowing or should have known standard of the Discovery Rule. However, Plaintiff did not aver that he did not comprehend his addiction as a disease; rather, Plaintiff averred that he "had no true **comprehension** of his addiction as a disease." (See Exhibit "B" at ¶ 78)(emphasis added). This distinction is important since both "know" and "comprehension" corresponds to an intellectual understanding.[1] In this instance, the court must infer that Plaintiff did not know he was addicted when he entered the Caron Foundation, since it was essentially averred in the Complaint. The next step in the analysis is to determine when the Plaintiff should have reasonably been aware of his addiction, and the

---

[1] Webster's defines 'know' as "to have understanding of" and 'comprehension' as "the act or action of grasping with the intellect: UNDERSTANDING" See WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 270, 665 (1985). Whereas "UNDERSTAND may defer from COMPREHEND in implying a result whereas COMPREHEND stresses the mental process of arriving at a result <*understood* the instructions without *comprehending* their purpose>." Id. at 1287 under the definition of 'understand.'

Pennsylvania Supreme Court recently reiterated that this is a factual issue "best determined by the collective judgment, wisdom and experience of jurors." See Crouse, 560 Pa. at 404, 745 A.2d at 611.

Additionally, Defendant Cohen argues that Plaintiff did not exercise due diligence in discovering his injury or its cause within the statutory period. It is undisputed that Plaintiff was prescribed OxyContin for pain management. (See Exhibit "B" at ¶ 56). This court must infer that the Defendant Doctors continued to prescribe OxyContin for pain management. In his Compliant, Plaintiff alleges he switched pain management therapies to Darvocet N100 and Darvon Compound 65; however, both were ineffective at alleviating his pain. (See Exhibit "B" at ¶ 73-74). Further, Plaintiff has specifically alleges that the Pharmaceutical Defendants, Purdue and Abbott, "knew that patients taking OxyContin as indicated for any length of time would quickly develop a tolerance to oxycodone. Thus, OxyContin patients would . . . need higher dosages of OxyContin." (See Exhibit "B" at ¶ 37). The Pharmaceutical Defendants knew that patients, such as the Plaintiff, would need increased doses of OxyContin for pain relief. Therefore, this court must infer that in December 1999, when Plaintiff used his two week supply of OxyContin in one week, that he had built up a tolerance to oxycodone and needed the additional dosage for pain relief.

In Lujan v. Mansmann, the Court found that a "plaintiff has to have reason to believe that he has suffered an injury rather than simply the inevitable discomfort of legitimate treatment." Lujan v. Mansmann, 1997 WL 634499 *10 (E.D.Pa. 1997). Medical treatments can be physically or mentally distressing or both; however, that does not make them compensable injuries. Id. The Lujan Court cited with approval Hayward v. Med. Center of Berver County, 530 Pa. 320, 608 A.2d 1040 (Pa. 1992), where the Pennsylvania Supreme Court held that "reasonable minds could

6

differ as to when the injury (as opposed to the symptoms) was reasonably ascertainable, and the question was one for the jury." Lujan, 1997 WL 634499 at *10. In Lujan, as in Hayward, the court found that "a genuine issue of material fact exists as to when a reasonable person in Plaintiff's position, suffering [his] distressing symptoms, and using reasonable diligence, would have ascertained that [he] was probably a victim of malpractice rather than a client in a course of legitimate therapy." Id.

In this instance, the Plaintiff received OxyContin in the course of a prescribed pain management therapy. At all relevant times hereto, Plaintiff was under the care of Defendant Doctors, Rubin and Cohen. Throughout his pain management therapy, Plaintiff Michael Yurcic was not able to ascertain that he was a victim of malpractice until after he enrolled into detox treatment at the Caron Foundation. Therefore, under Lujan, as in Hayward, a genuine issue of material fact exists as to when a reasonable person in Plaintiff's position, suffering his symptoms, and using reasonable diligence, would have discovered that he was victim of malpractice rather than a client in the course of legitimate pain management therapy.

This Court's decision must be made on the face of the Complaint, and the point when Plaintiff, Michael Yurcic, knew or reasonably should have known he was injured cannot be determined from the face of the Compliant. Therefore, Defendant, Howard R. Cohen's Motion to Dismiss must be denied.

## IV. CONCLUSION

For all the foregoing reasons, Plaintiffs, Michael and Kelly Yurcic, respectfully request that this Honorable Court deny Defendant, Howard R. Cohen's Motion to Dismiss.

Respectfully submitted,

**ANAPOL, SCHWARTZ, WEISS,
   COHAN, FELDMAN & SMALLEY, P.C.**


BY: _____
SOL H. WEISS, ESQUIRE
TRACY A. FINKEN, ESQUIRE
MARC S. STOLEE, ESQUIRE
Attorneys for Plaintiffs
I.D. Nos. 15925/82258/87983
1900 Delancey Place
Philadelphia, PA 19103
(215) 735-2098

**DATED:** _____