IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL and KELLY YURCIC | : |
| | : |
| v. | : |
| | : |
| PURDUE PHARMA, L.P. | : C.A. No. 02-CV-3737 |
| and | : |
| PURDUE PHARMA, INC. | : |
| and | : |
| PURDUE FREDERICK COMPANY | : |
| and | : |
| ABBOTT LABORATORIES | : |
| and | : |
| ABBOTT LABORATORIES, INC. | : |
| and | : |
| MORTON RUBIN, M.D. | : |
| and | : |
| HOWARD R. COHEN, M.D. | : |
| | : |

**ORDER**

**AND NOW**, this         day of              , 2002, upon consideration of the Motion to Dismiss Plaintiffs' Complaint Against Defendant, Howard R. Cohen, M. D., pursuant to Rules 12(b)(6) and 56 of the Federal Rules of Civil Procedure, and the responses, if any, thereto, it is hereby **ORDERED AND DECREED** that said Defendant's Motion is **GRANTED** and that Defendant, Howard R. Cohen, M. D., is dismissed with prejudice.

**BY THE COURT:**

_____
                                                                                                    J.

Doc#: 1317374

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL and KELLY YURCIC : | |
| : | |
| v. : | |
| : | |
| PURDUE PHARMA, L.P. : | C.A. No. 02-CV-3737 |
| and : | |
| PURDUE PHARMA, INC. : | |
| and : | |
| PURDUE FREDERICK COMPANY : | |
| and : | |
| ABBOTT LABORATORIES : | |
| and : | |
| ABBOTT LABORATORIES, INC. : | |
| and : | |
| MORTON RUBIN, M.D. : | |
| and : | |
| HOWARD R. COHEN, M.D. : | |
| : | |

**REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO DISMISS OF DEFENDANT,
HOWARD R. COHEN, M. D.**

Plaintiffs have filed a Response in Opposition to the Defendant's Motion to Dismiss pursuant to Rules 12(b)(6) and 56 of the Federal Rules of Civil Procedure. Dr. Cohen files this Reply Brief to Plaintiffs' Response to address the arguments raised by plaintiffs.

Moving Defendant asserts that the action brought by Plaintiff is barred by the Statute of Limitations. This contention is evident within the "four corners" of the Complaint, and, as such, the action should be dismissed. Plaintiff responds by stating that the Statute of Limitations has been tolled by the Discovery Rule; that he had no comprehension of his addiction as a disease; and that he was reasonably diligent in discovering his injury. Plaintiff

contends that Moving Defendant requests this Court to make inferences adverse to the plaintiff, by asserting that the plaintiff reasonably should have been aware of his addition more than two years prior to the filing of this lawsuit. Plaintiff states that moving defendant is asking this Court to ignore the allegation in the Complaint that Plaintiff had no "true comprehension of his addiction as a disease". See Complaint at paragraph 78. Plaintiff then argues that he was reasonably unaware of his addiction, in spite of the fact that he had been admitted to a rehabilitation hospital for treatment of addiction more than two years prior to the initiation of the action.

Plaintiff chooses to ignore that Moving Defendant is citing multiple allegations within the Complaint itself that demonstrate that the Plaintiff reasonably should have been aware of his addiction more than two years prior to the initiation of the action. The Complaint states within the "four corners", that by December 27, 1999, the Plaintiff knew:

      a.    He was prescribed a withdrawal plan (Paragraph 75);

      b.    He was unsuccessful in following the withdrawal plan (Paragraph 76);

      c.    He agreed to enroll in an inpatient detoxification program (Paragraph 76);

      d.    He was suffering from withdrawal symptoms due to his lack of narcotics for seven days (Paragraph 76); and

      e.    He was admitted to a hospital for treatment of his addiction (Paragraph 77).

As mentioned in the Motion, in Pennsylvania, the standard for reasonable diligence is an objective or external one that is the same for all individuals. It is not a subjective standard. The fact that an individual plaintiff may have lacked knowledge of his or her injury is not relevant. The Statute is tolled only if a reasonable person in the Plaintiff's position would have been unaware of the salient facts. Baily v. Lewis, 763 F.Supp. 802 (E.D.Pa.1991). Moreover,

while it is true that in most cases, the question of what a plaintiff should reasonably have discovered is a factual determination that should be left to the jury, in some cases, "the facts will be undisputed and will lead unerringly to the conclusion that the length of time it took a plaintiff to discover the injury or its cause was unreasonable as a matter of law." <u>Anthony v. Koppers Co., Inc.</u>, 284 Pa.Super. 81, 425 A.2d 428, *rev'd on other grounds*, 496 Pa. 119, 436 A.2d 181 (1981).

Moving Defendant, in his Motion, has merely presented this Honorable Court with language taken directly from the Complaint that was drafted and filed by Plaintiff in this matter. Plaintiff contends that he was reasonably unaware of his addiction, and was reasonably diligent in its discovery. It is clear however that a reasonable individual would have been aware of his addiction in view of the allegations taken directly from the Complaint more than two years prior to the filing of the action.

## IV.  CONCLUSION

For all the foregoing reasons, Defendant, Howard R. Cohen, M. D., respectfully requests that this Court grant his Motion to Dismiss.

*WHITE AND WILLIAMS LLP*

*By:* _____
*ALLAN H. STARR, ESQUIRE*
*STEPHAN R. PAUL, ESQUIRE*
*Attorney I.D. Nos. 04975/86896*
*1800 One Liberty Place*
*Philadelphia, PA 19103-7395*
*(215) 864-6228/7076*
Attorneys for Answering Defendant
Howard R. Cohen, M. D.

Dated:

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| MICHAEL and KELLY YURCIC | : | |
| | : | |
| v. | : | |
| | : | |
| PURDUE PHARMA, L.P. | : | C.A. No. 02-CV-3737 |
| and | : | |
| PURDUE PHARMA, INC. | : | |
| and | : | |
| PURDUE FREDERICK COMPANY | : | |
| and | : | |
| ABBOTT LABORATORIES | : | |
| and | : | |
| ABBOTT LABORATORIES, INC. | : | |
| and | : | |
| MORTON RUBIN, M.D. | : | |
| and | : | |
| HOWARD R. COHEN, M.D. | : | |
| | : | |

**CERTIFICATE OF SERVICE**

      I, Stephan R. Paul, Esquire, hereby certify that on the       day of              , 2002, I caused true and correct copies of the foregoing Response to Plaintiffs' Motion for Remand and Brief in Support of the Response to Plaintiffs' Motion for Remand of Defendant, Howard R. Cohen, M. D., to be served upon the following persons, by placing same in the United States mail, first-class and postage prepaid:

TO:    Sol H. Weiss, Esquire
           Marc Stolee, Esquire

Doc#:1326345

1900 Delancy Place
Philadelphia, PA. 19103
**Attorneys for Plaintiffs**

Jason A. Snyderman, Esquire
Edward F. Mannino, Esquire
Katherine Menapace, Esquire
David L. Comerford, Esquire
One Commerce Square
2005 Market Street-Suite 2200
Philadelphia, PA 19103
**Attorneys for Defendant Purdue Pharma**

Joseph E. O'Neil, Esquire
Penn Mutual Tower, 10th Floor
510 Walnut Street
Philadelphia, PA 19106
**Attorneys for Abbott Laboratories**

Kenneth Fair, Esquire
Naulty, Scariczmazza & McDevitt
Suite 1600 John F. Kennedy Boulevard
Philadelphia, PA 19103

*WHITE AND WILLIAMS LLP*

*BY:* _____
*ALLAN H. STARR, ESQUIRE*
*STEPHAN R. PAUL, ESQUIRE*
*Attorneys for Defendant*
*Howard R. Cohen, M. D.*

*DATED:*