IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL and KELLY YURCIC, | : | |
| | : | |
| Plaintiffs. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 02-cv-3737 |
| PURDUE PHARMA, L.P., PURDUE PHARMA, INC., PURDUE FREDERICK COMPANY, ABBOTT LABORATORIES, ABBOTT LABORATORIES, INC., MORTON RUBIN, M.D., and HOWARD R. COHEN, M.D., | : | |
| | : | |
| Defendants. | : | |

## O R D E R

AND NOW, this    day of November, 2002, upon consideration of (i) Plaintiffs' motion to remand; (ii) defendant Cohen's opposition to plaintiffs' motion to remand; (iii) the Purdue and Abbott defendants'[1] joint opposition to plaintiffs' motion to remand; (iv) the Purdue defendants' praecipe to attach to their opposition to plaintiffs' motion to remand; (v) Defendant Cohen's motion to dismiss; (vi) Plaintiffs' opposition to defendant Cohen's motion to dismiss; (vii) defendant Cohen's reply to plaintiffs' opposition to his motion to dismiss; (viii) the Purdue defendants' motion to transfer venue; (ix) plaintiffs' opposition to the Purdue defendants' motion to transfer venue; (x) the Purdue defendants' reply to plaintiffs' opposition to their motion to transfer venue; and (xi) the Abbott defendants' response joining in the Purdue defendants'

---

[1] The "Purdue defendants" include Purdue Pharma L.P., Purdue Pharma Inc., and the Purdue Frederick Company. The "Abbott defendants" include Abbott Laboratories and Abbott Laboratories, Inc.

1

motion to transfer, IT IS HEREBY ORDERED and DECREED that plaintiffs' motion to remand is DENIED; defendant Cohen's motion to dismiss is GRANTED; defendant Rubin is dismissed from this action; and the Purdue defendants' motion to transfer is GRANTED.

In an action that has been removed to federal court, the removing party bears the burden of establishing federal jurisdiction. See Boyer v. Snap-On Tools Corp., 913 F.2d 108-11 (3d Cir. 1990). The removal statue, 28 U.S.C. § 1446, is strictly construed against removal, and all doubts are resolved in favor of remand. See id. at 111. An action based upon diversity is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441 (b). Thus, only if an action originally could have been brought in federal court may it be removed from state court to federal court.

In their motion to remand, plaintiffs argue that federal jurisdiction does not exist because defendants Morton Rubin, M.D. and Howard R. Cohen, M.D. are non-diverse.[2] To the contrary, the defendants argue that federal jurisdiction does exist because these two defendants were fraudulently joined. The existence of a fraudulently joined party may be disregarded for purposes of determining diversity jurisdiction. See Spring-Ford Area Sch. Dist. v. Genesis Ins. Co., 158 F. Supp. 2d 476, 479 (E.D. Pa. 2001). A party has been "fraudulently joined" when there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant. See id. In particular, "joinder may be considered fraudulent if the plaintiff has failed to state a cause of

---

[2] Plaintiffs, Michael and Kelly Yurcic, and defendants, Drs. Rubin and Cohen, are all citizens and residents of Pennsylvania.

action against the nondiverse defendant." Id. (citations omitted). However, in determining whether a nondiverse defendant has been fraudulently joined, all contested facts and all uncertainties as to the current state of the applicable substantive law must be resolved in the plaintiff's favor. See id. (citing Batoff v. State Farm Ins. Co., 977 F. 2d 848, 851-52 (3d Cir. 1992).

It is clear that Drs. Rubin and Cohen have been fraudulently joined in this case. Plaintiffs allege that these doctors committed malpractice by over-prescribing OxyContin to Michael Yurcic, thereby contributing to his addiction to that drug. Under Pennsylvania law, a cause of action for medical malpractice is governed by a two-year statue of limitations. 42 Pa Cons. Stat. § 5524(2). Having commenced this action on January 4, 2002, plaintiffs can only maintain their actions against the doctors if the alleged malpractice occurred no sooner than January 4, 2000. See Dreischalick v. Dalkon Shield Claimants Trust, 845 F. Supp. 310, 314 (W.D. Pa.. 1994) ("In general, the statutory period will begin to run when the cause of action accrues, i.e., the date on which the injury is sustained.").

The facts are undisputed that Mr. Yurcic was treated for his addiction before January 4, 2002. In fact, plaintiffs allege that Mr. Yurcic was admitted to the Caron Foundation for treatment of his addiction to OxyContin on December 27, 1999, and that both doctors had prescribed OxyContin to him prior to that time. See Complaint ¶¶ 54, 55, 62, 65, 66, 68-73, 77.[3] Therefore, it is clear that the alleged acts of malpractice occurred prior to Mr. Yurcic's treatment

---

[3] In their complaint, the plaintiffs allege Dr. Morton Rubin prescribed OxyContin to Michael Yurcic from October 1996 through February 28, 1999. Complaint ¶¶ 54-55. Plaintiffs allege Dr. Howard Cohen prescribed OxyContin to Michael Yurcic from March 12, 1999 through August 1999. On August 20, 1999, Dr. Rubin discontinued the OxyContin. Complaint ¶¶ 71,72.

for his addiction. For that reason, plaintiffs' actions against the doctors cannot survive.

Moreover, the discovery rule exception to the statute of limitations is of no consequence in this case. As the court explained in Dreischalick,

> [t]he discovery rule exception to the statute of limitations was judicially created to prevent harsh results. It arises from the inability of an injured person, despite the exercise of due diligence, to know of an injury or its cause. . . . When the discovery rule is applicable, the limitations period begins to run when the plaintiff knows or reasonably should know (1) that he has been injured, and (2) that his injury has been caused by another party's conduct.

845 F. Supp. at 314. Plaintiffs' own assertions belie any attempt to rely on the discovery rule exception. Plaintiffs specifically allege that on or about December 17, 1999, Mr. Yurcic agreed to enroll in an in-patient detoxification program, and that on or about December 27, 1999, Mr. Yurcic was admitted to the Caron Foundation "for treatment of his addiction to Oxy Contin." Complaint ¶¶ 76, 77. Thus, the Plaintiffs' assertion that Mr. Yurcic did not know of his injuries until January 17, 2000 – the day he was discharged from the Caron Foundation – is untenable.

Accordingly, the Court concludes that Drs. Rubin and Cohen have been fraudulently joined as improper defendants. Therefore, plaintiffs' motion to remand is denied and the claims against Doctor Rubin and Doctor Cohen are dismissed.

Furthermore, the Court is persuaded that venue is improper in this district and that, pursuant to 28 U.S.C. § 1404(a), this case must be transferred to the Middle District of Pennsylvania, where both plaintiffs reside, and almost all of the material witnesses are located. Section 1404(a) provides that "[f]or convenience of [the] parties and witnesses, in the interest of justice, the court may transfer a civil action to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a). It is the movants' burden to establish the need for transfer, and

the plaintiff's choice of venue [will] not be lightly disturbed." Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995) (citations omitted). When considering a motion to transfer, the court must determine "whether on balance the litigation would more conveniently proceed and the interest of justice be better served by transfer to a different forum." Id. This inquiry requires a "multi-factor balancing test" embracing not only the statutory criteria of convenience of the parties and the witnesses and the interests of justice, but all relevant factors, including certain private and public interests. See id. at 875, 879. The private interests include the plaintiffs' choice of forum; the defendants' preference; whether the claim arose elsewhere; and the location of books and records, to the extent that they could not be produced in the alternative forum. See id. at 879. Among the relevant public interests are: "[t]he enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; [and] the public policies of the fora." Id. at 879-80 (citations omitted).

Upon consideration of these factors, the Court finds that the defendants have met their burden of demonstrating that transfer is appropriate. In reaching this conclusion, the Court relied on the following considerations, among others: (1) both plaintiffs live in the Middle District; (2) Drs. Rubin and Cohen's practices are located there; (3) Holy Spirit Hospital, where Mr. Yurcic was treated, is located there; (4) Dr. Zanetti is located there; and (5) Mazzitti and Sullivan, a treatment center that Mr. Yurcic attended, is located there.

For the foregoing reasons, Plaintiffs' motion to remand is **DENIED**; defendant Howard R. Cohen, M.D.'s Motion to Dismiss is **GRANTED**; defendant Morton Rubin, M.D. is

dismissed from this action and the Purdue defendant's Motion to Transfer Venue is **GRANTED**. The Clerk of Courts is directed to transfer this case to the Middle District of Pennsylvania and close this matter statistically.

                                              BY THE COURT:

                                              _____

                                              Legrome D. Davis, Judge