## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL and KELLY YURCIC,** | : | |
| **Plaintiffs** | : | **CIVIL ACTION** |
| **v.** | : | |
| | : | |
| **PURDUE PHARMA, L.P., PURDUE PHARMA,** | : | **NO.  02-3737** |
| **INC., PURDUE FREDERICK COMPANY,** | : | |
| **ABBOTT LABORATORIES, ABBOTT** | : | |
| **LABORATORIES, INC., MORTON RUBIN,** | : | |
| **M.D., and HOWARD R. CORBIN, M.D.** | : | |
| **Defendants** | : | |

## <u>ORDER</u>

AND NOW, this                day of                              , 2002, upon

consideration of Plaintiffs' Motion for Reconsideration of the Court's Order entered November 8,

2002 and Defendants' Responses thereto, it is hereby ORDERED and DECREED that said

Motion is GRANTED and that defendant Howard R. Cohen, M.D.'s Motion to Dismiss is

DENIED, Morton Rubin, M.D. is reinstated in this action, Purdue defendant's Motion to

Transfer Venue is DENIED, and Plaintiffs' Motion to Remand is GRANTED.

BY THE COURT:

_____

                                                                                        J.

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL and KELLY YURCIC,** | : | |
| **Plaintiffs** | : | **CIVIL ACTION** |
| **v.** | : | |
| | : | |
| **PURDUE PHARMA, L.P., PURDUE PHARMA,** | : | **NO.  02-3737** |
| **INC., PURDUE FREDERICK COMPANY,** | : | |
| **ABBOTT LABORATORIES, ABBOTT** | : | |
| **LABORATORIES, INC., MORTON RUBIN,** | : | |
| **M.D., and HOWARD R. CORBIN, M.D.** | : | |
| **Defendants** | : | |

## <u>MOTION FOR RECONSIDERATION</u>

Plaintiffs Michael and Kelly Yurcic, by and through their attorneys, ANAPOL,

SCHWARTZ, WEISS, COHAN, FELDMAN & SMALLEY, P.C., hereby moves this Honorable

Court to reconsider its Order granting defendant Howard R. Cohen, M.D.'s Motion to Dismiss;

dismissing Morton Rubin, M.D. from this cause of action; granting Purdue defendant's Motion

to transfer venue; and denying plaintiffs Michael and Kelly Yurcic's motion to remand, and in

support thereof offers the following:

1.    This is a medical malpractice action against defendant doctors Morton Rubin,

M.D. ("Rubin") and Howard R. Cohen, M.D. ("Cohen"), and a negligence action against the

pharmaceutical defendants Purdue Pharma L.P. ("Purdue LP"), Purdue Pharma, Inc. ("Purdue

Inc.") and Purdue Frederick Company ("Purdue Frederick") [hereinafter collectively referred to

as "Purdue"] and defendants Abbott Laboratories ("Abbott Lab") and Abbott Laboratories, Inc.

("Abbott Inc.") [hereinafter collectively referred to as "Abbott"], arising from injuries sustained

by Plaintiff, Michael Yurcic, caused by his ingestion of the narcotic drug OxyContin.

2.    At all times relevant hereto, Defendants Purdue and Abbott manufactured,

marketed, and/or distributed OxyContin and Defendants Rubin and Cohen, prescribed

OxyContin to Plaintiff, Michael Yurcic.

3.      At no time while Plaintiff was ingesting OxyContin, was he aware of his addiction to OxyContin, nor did either Defendant Doctors indicate that he might be addicted to OxyContin.

4.      Narcotic addiction is a disease that may be contracted innocently or involuntarily. <u>Robertson v. California</u>, 370 U.S. 660, 667, 82 S.Ct. 1417, 1420 (1962).

5.      In this case, Plaintiff received OxyContin in the course of a prescribed pain management therapy.

6.      On December 17, 1999, Plaintiff, Michael Yurcic, agreed to enroll in an in-patient detox center for over-utilizing OxyContin.

7.      On December 27, 1999, Plaintiff was admitted to the Caron Foundation, located in Wernersville, Pennsylvania, for treatment of his addiction to OxyContin.

8.      Upon his admission to Caron Foundation, Plaintiff, Michael **Yurcic, had no idea that his addiction was a disease**.

9.      Upon Plaintiff Michael Yurcic's release from the Caron Foundation on January 17, 2000, Plaintiff knew his addiction to OxyContin was a disease and that that this disease was caused by the defendants' negligence.

10.      Under the discovery rule, the applicable statute of limitations tolls until the point where Michael Yurcic knew or reasonably should have known that he has been injured and that his injury has been caused by the ingestion of OxyContin.

11.      Plaintiff's cause of action did not accrue until he knew or should have known that his addiction was a disease.

12.      Determining the point when Plaintiff, Michael Yurcic, knew or reasonably should

have known he was injured cannot be determined from the face of the Compliant.

13.    On November 8, 2002, this Honorable Court entered an Order granting Defendant Cohen's Motion to Dismiss and dismissed Defendant Ruben from this action on the basis that the discovery rule did not apply and that statute of limitations had expired.

14.    **In applying the discovery rule, the determination of the point at which the complaining party should reasonably be aware that he has suffered an injury is a factual issue is "best determined by the collective judgment, wisdom and experience of jurors."** Crouse v. Cyclops Industries, 560 Pa. 394, 404, 745 A.2d 606, 611 (2000) citing White v. Owens-Corning Fiberglas Corp., 447 Pa.Super. 5, 22, 668 A.2d 136, 144 (1995) (emphasis added).

15.    Plaintiffs respectfully request that this Honorable Court reconsider its Order granting Defendant Cohen's Motion to Dismiss and dismissed Defendant Ruben from this action, because the discovery rule is applicable and tolled the statute of limitations.

16.    To determine when the statute should begin to run under the discovery rule, "the **finder of fact** focuses on whether the plaintiff was reasonably diligent in discovering his injury. Reasonable diligence is precisely that--a reasonable effort to discover the cause of an injury under the facts and circumstances present in the case." Crouse v. Cyclops Industries, 560 Pa. 394, 404, 745 A.2d 606, 611 (2000)(emphasis added).

17.    Plaintiff, Michael Yurcic, did use reasonable diligence to discover his injury.

18.    After over-utilizing OxyContin under Dr. Zanetti's withdrawal plan, Plaintiff, Michael Yurcic, agreed to enroll in a detox program.

19.    On December 27, 1999, just ten days after he met with Dr. Zanetti, Plaintiff, Michael Yurcic, was admitted to the Caron Foundation.

4

20.     In this instance, it is apparent that Plaintiff, Michael Yurcic did act with due diligence in following up on Dr. Zanetti's recommendation that he go to an in-patient detox center, where he was ultimately diagnosed with an addiction disease.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter an order Denying Defendant Cohen's Motion to Dismiss and reinstate Plaintiffs cause of action against Defendant Morton Rubin, M.D.

21.     Upon information and belief, Defendants Rubin and Cohen are now, and were at the time of the commencement of the State Court Action, residents and citizens of the Commonwealth of Pennsylvania.

22.     As long as a claim exists in state court against Defendant Rubin or Defendant Cohen, both citizens and residents of Pennsylvania at the time the complaint was filed and at the time the Petition for Removal was filed, diversity is not complete and removal is improper under 28 U.S.C.A. § 1332.

**WHEREFORE**, Plaintiffs Michael Yurcic and Kelly Yurcic respectfully request that this Honorable Court Grant Plaintiffs Motion to Remand.

23.     In arguendo, if this Honorable Court looks past Plaintiffs' arguments and does not enter an order Denying Defendant Cohen's Motion to Dismiss and reinstate Plaintiffs cause of action against Defendant Morton Rubin, M.D.; it must deny Purdue Defendants Motion to Transfer.

24.     Plaintiffs' cause of action against Purdue Defendants and Abbott Defendants did not accrue until Plaintiff, Michael Yurcic, was diagnosed with an addiction disease.

25.     Plaintiff, Michael Yurcic was first diagnosed with an addiction disease at the Caron Foundation, which is located in the Eastern District of Pennsylvania.

26.     This case is grounded in Plaintiff's addiction as a disease, and the injuries resulting from such disease. The most significant contact, operative fact and event in this case is Plaintiff's treatment for his disease at the Caron Foundation, which occurred within this Court's jurisdiction.

27.     Although Plaintiff does not reside in the Eastern District of Pennsylvania, Plaintiff has chosen the forum where the most significant contact with the underlying cause of action.

28.     In Jumara v. State Farm Ins. Co., 55 F.3d 873 (3d Cir.1995), the Court held that courts should consider the convenience of the witnesses "only to the extent that the witnesses may actually be unavailable for trial in on of the fora." Id. at 879.

29.     Purdue Defendant has not alleged that the witnesses would actually be unavailable for trial in the Eastern District of Pennsylvania.

30.     Accordingly, this court should not consider the convenience of the witnesses when weighing the Jumara balancing test.

31.     "It is black letter law that a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice should not be lightly disturbed." See Shutte v. Armco Steele Corp., 431 F.2d 22, 24 (3d Cir. 1970).

32.     If this court does not give weight to the conveniences of the witnesses, Purdue defendants have failed to meet its burden that this action should be transferred to the Middle District of Pennsylvania.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court deny Purdue

Defendant's Motion to Transfer.

**Respectfully submitted,**

**ANAPOL, SCHWARTZ, WEISS,
    COHAN, FELDMAN & SMALLEY, P.C.**

**BY:** _____

SOL H. WEISS, ESQUIRE
TRACY A. FINKEN, ESQUIRE
MARC S. STOLEE, ESQUIRE
Attorneys for Plaintiffs

**DATED:**    _____