IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL and KELLY YURCIC,** | : | |
| Plaintiffs | : | CIVIL ACTION |
| v. | : | |
| | : | |
| **PURDUE PHARMA, L.P., PURDUE PHARMA,** | : | NO. 02-3737 |
| **INC., PURDUE FREDERICK COMPANY,** | : | |
| **ABBOTT LABORATORIES, ABBOTT** | : | |
| **LABORATORIES, INC., MORTON RUBIN,** | : | |
| **M.D., and HOWARD R. CORBIN, M.D.** | : | |
| Defendants | : | |

### BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION

Plaintiffs Michael and Kelly Yurcic, by and through their attorneys, ANAPOL, SCHWARTZ, WEISS, COHAN, FELDMAN & SMALLEY, P.C., hereby move for the reconsideration of the Order entered November 8, 2002, in the case captioned <u>Michael and Kelly Yurcic v. Purdue Pharma L.P., et al.</u>, , and respectfully submit this Brief in support of their Motion for Reconsideration.

**I.    PROCEDURAL HISTORY**

The procedural history of the instant case is most likely well known to this Honorable Court in the course of ruling upon three (3) dispositive motions previously submitted by the parties. Briefly, however, this litigation with initiated by filing of a Writ of Summons in the Court of Common Pleas of Philadelphia County on January 4, 2000. On May 31, 2002, Plaintiffs Michael and Kelly Yurcic filed a Complaint in the Court of Common Pleas of Philadelphia County, stating a medical malpractice action against defendant doctors Morton Rubin, M.D. ("Rubin") and Howard R. Cohen, M.D. ("Cohen"), and negligence claims against pharmaceutical defendants Purdue Pharma L.P. ("Purdue LP"), Purdue Pharma, Inc. ("Purdue Inc.") and Purdue Frederick Company ("Purdue Frederick") [hereinafter collectively referred to

as "Purdue"] and defendants Abbott Laboratories ("Abbott Lab") and Abbott Laboratories, Inc. ("Abbott Inc.") [hereinafter collectively referred to as "Abbott"], arising from injuries sustained by Plaintiff, Michael Yurcic, caused by his ingestion of the narcotic drug OxyContin.

On June 12, 2002, Defendants Purdue and Abbott filed a Notice of Removal of the state court action to federal court based primarily upon diversity jurisdiction and secondarily upon a meritless federal question jurisdiction argument. On July 2, 2002, Plaintiffs filed a Motion to Remand this case back to the Court of Common Pleas of Philadelphia County.

On July 11, 2002, Defendant Cohen, filed a Motion to Dismiss based on the premise that the statute of limitations precluded Plaintiffs' cause of action, a contention that Plaintiffs strenuously denied in their timely response on July 29, 2002.

On July 11, 2002, Purdue Defendants filed a Motion to Transfer Venue to the Middle District of Pennsylvania, which was subsequently joined by Abbott Defendants on July 31, 2002. Purdue's motion sought transfer based on the assertion that it would be more convenient for all parties and all potential witness if the venue were in the Middle District rather than the Eastern District of Pennsylvania. Plaintiffs' filed a memorandum of law in opposition to Purdue Defendants' Motion on or about July 17, 2002.

On November 8, 2002, this Honorable Court ruled on the three motions and entered an Order granting defendant Howard R. Cohen, M.D.'s Motion to Dismiss; dismissing Morton Rubin, M.D. from this cause of action; granting Purdue defendant's Motion to transfer venue; and denying plaintiffs Michael and Kelly Yurcic's Motion to Remand.

Plaintiffs' Michael Yurcic and Kelly Yurcic file this Motion for Reconsideration, contending that it was an error of law to find that the statute of limitations had expired and that the discovery rule exception is of no consequence in this case, and that it was an error to place

2

weight on the convenience of the potential witness in applying the Jumara factors in granting defendant's motion to transfer venue.

## II.     STATEMENT OF FACTS

This is a claim for medical malpractice and products liability relating to the sale and prescription of OxyContin to Plaintiff Michael Yurcic. At all times relevant hereto, Defendants Purdue and Abbott manufactured, marketed, and/or distributed OxyContin and Defendants Rubin and Cohen, prescribed OxyContin to Plaintiff, Michael Yurcic. Plaintiff received OxyContin in the course of a prescribed pain management therapy. At no time while Plaintiff was ingesting OxyContin, was he aware of his addiction to OxyContin, nor did either Defendant Doctors indicate that he might be addicted to OxyContin.

On December 17, 1999, Plaintiff, Michael Yurcic, agreed to enroll in an in-patient detox center after over-utilizing OxyContin under an OxyContin withdrawal plan designed by Dr. Zanetti. On December 27, 1999, Plaintiff was admitted to the Caron Foundation, located in Wernersville, Pennsylvania, for treatment of his addiction to OxyContin. Wernersville is located within the jurisdiction of the Eastern District of Pennsylvania. Upon his admission to Caron Foundation, Plaintiff, Michael Yurcic, had no idea that his addiction was a disease. While at the Caron Foundation, Plaintiff was diagnosed with an addiction disease. Upon Plaintiff Michael Yurcic's release from the Caron Foundation on January 17, 2000, Plaintiff knew his addiction to OxyContin was a disease and that that this disease was caused by the defendants' negligence.

## III.    LEGAL ARGUMENT

### A.    Standard of Review

The United States Court of Appeals for the Third Circuit has stated that "[a] motion filed within ten days of the entry of judgment that questions the correctness of the judgment generally

is treated as a Rule 59(e) motion." New Castle County v. Hartford Accident and Indem. Co., 933 F.2d 1162, 1176 (3d Cir.1991). The federal rules allow a party to move to alter or amend a judgment within ten (10) days of its entry. Fed.R.Civ.P. 59(e). In determining the computation of the period of time allowed, the intermediate Saturdays, Sundays and legal holidays shall be excluded. Fed.R.Civ.P. 6(a). The purpose of such a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985). Accordingly, a district court will grant such a motion in any of the following situations: "(1) the development of an intervening change in the law, (2) the emergence of new evidence not previously available, or (3) the need to correct a clear error of law or prevent a manifest injustice." Cohen v. Austin, 869 F.Supp. 320, 321 (E.D.Pa.1994). Reconsideration of judgment is an extraordinary remedy; therefore, such motions are to be granted sparingly. NL Industries v. Commercial Union Ins., 935 F.Supp. 513 (D.N.J.1996) (citing Maldonado v. Lucca, 636 F.Supp. 621, 630 (D.N.J.1986)). However, in this instance, as discussed below, there is a need to correct a clear error of law, and therefore, to prevent a manifest injustice, this Motion for Reconsideration must be granted.

    **B.**    **The District Court Erred In Its Determination That The Discovery Rule Does Not Apply And That The Statute of Limitations Has Expired.**

The question here is when did Plaintiff, Michael Yurcic know or when should he have known that he had an "addiction disease." On the face of the Complaint this question cannot be definitively established; however, there is a logical inference that Plaintiff knew or should have known that he had an addiction disease between the time he entered the Caron Foundation on December 27, 1999 and by the time he was discharged on January 17, 2000. **In applying the discovery rule, the determination of the point at which the complaining party should reasonably be aware that he has suffered an injury is a factual issue is "best determined by**

4

**the collective judgment, wisdom and experience of jurors."** Id. citing White v. Owens-Corning Fiberglas Corp., 447 Pa.Super. 5, 22, 668 A.2d 136, 144 (1995) (emphasis added). Accordingly, question of when Plaintiff Michael Yurcic knew or should have known that he had an addiction disease is a question for the finders of fact.

In this Court's Order entered on November 8, 2001, it is clear that the court erroneously overlooks the fact that Plaintiff's addiction was a disease, and that Plaintiff had no way of knowing that he had such a disease until it was diagnosed, which occurred while he was being treated at the Caron Foundation. In deciding a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true the facts pleaded in the Complaint and any reasonable inferences derived from those facts. Ford v. Schering-Plough Corp., 145 F.3d 601, 604 (3d Cir. 1998); Unger v. National Residents Matching Program, 928 F.2d 1392, 1401 (3d Cir. 1991). In this instance, Plaintiff has averred that "[u]pon his admission to Caron Foundation, Plaintiff Michael Yurcic had no true comprehension of his addiction as a disease." See Complaint, ¶ 78. Under Ford and Unger, this Court must accept as true this averment as true and infer the following two inferences: that Plaintiff did not know he had a disease upon his admittance to Caron Foundation; and that the "disease" is something greater and more harmful than addiction on its own.

Instead, the Court erroneously determined that because Plaintiff agreed to enroll in a detox center on December 17, 1999 and that he was so admitted to the Caron Foundation for treatment of an OxyContin addiction, that the discovery rule exception of the statute of limitations was inappropriate. What the Court overlooks, ist that it was the above-mentioned actions that indicate that Plaintiff, Michael Yurcic, used reasonable diligence to ascertain that

5

there was an injury. The standard for reasonable diligence was set forth in <u>Dreischalick v. Dalkon Shield Claimants Trust</u>, 845 F.Supp 310 (W.D.Pa. 1994) which stated:

> reasonable diligence is an objective or external one that is the same for all individuals. If a party has the means of discovery within her power but neglects to use them, her claim will be barred. A plaintiff does not need to know that she has a cause of action, or that she has suffered an injury due to another party's wrongful conduct. Once a plaintiff possesses the salient facts concerning the occurrence of her injury and who or what caused it, she has the ability to investigate and pursue her claim. In most situations, the question of the application of a statute of limitations defense, especially where a question of due diligence in discovery is raised, is a factual determination for the jury. 'Only where the facts are undisputed and lead unerringly to the conclusion that the length of time it took the plaintiff to discover the injury or its cause was unreasonable may the question be decided as a matter of law on summary judgment.'

<u>Id</u>. at 314-15. In this instance, Plaintiff, Michael Yurcic, did use reasonable diligence to discover his injury. Plaintiff, Michael Yurcic, received OxyContin in the course of a prescribed pain management therapy and had no indication that he had an addition disease. After over-utilizing OxyContin under Dr. Zanetti's withdrawal plan, Plaintiff, Michael Yurcic, agreed to enroll in a detox program. On December 27, 1999, just ten days after he met with Dr. Zanetti, Plaintiff, Michael Yurcic, was admitted to the Caron Foundation. It is apparent that Plaintiff, Michael Yurcic did act with due diligence when he followed up on Dr. Zanetti's recommendation that he go to an in-patient detox center, where he was ultimately diagnosed with an addiction disease. Therefore, under <u>Dreischalick</u>, these disputed facts are such that they beg to be put forth to a trier of fact, and cannot be adjudicated as a matter of law.

Plaintiff, Michael Yurcic's disease was not discoverable until after he was admitted to the Caron Foundation. Accordingly, this Court erred in granting Defendant Cohen's Motion to Dismiss. Therefore, Plaintiffs respectfully request that this Honorable Court reconsider its Order entered on November 8, 2002, and Deny Defendant Cohen's Motion to Dismiss and reinstate

Plaintiffs' claim against Defendant Rubin, since it is a question of fact as to when the statute of limitations expires.

    **C.    This Claim Should Be Remanded to State Court Because Complete Diversity Does Not Exist In Accordance With 28 U.S.C.A. § 1332.**

It is undisputed that defendant doctors Rubin and Cohen are now, and were at the time of the commencement of the State Court Action, residents and citizens of the Commonwealth of Pennsylvania. As long as a claim exists in state court against Defendant Rubin or Defendant Cohen, both citizens and residents of Pennsylvania at the time the Complaint was filed and at the time the Petition for Removal was filed, diversity is not complete and removal is improper under 28 U.S.C.A. § 1332. Assuming that this Honorable Court reconsiders its Order and Denies Defendant Cohen's Motion to Dismiss, the case must be remanded to State Court.

    **D.    The District Court Erred As A Matter Of Law In Granting Purdue Defendant's Motion To Transfer Venue Because It Gave Weight To The Convenience Of The Potential Witnesses Without Allegations That The Witnesses Would Be Unavailable In This Fora.**

The District Court erred in concluding that Venue in the Eastern District of Pennsylvania was improper because **"both plaintiffs reside and almost all of the material witnesses are located"** in the Middle District of Pennsylvania. See Order, p. 4. Plaintiff does not dispute that the Middle District of Pennsylvania is an alternate venue; however, in this instance, Purdue defendant has failed to show that balancing test weighs "strongly in favor" of transfer. See Gulf Oil Corp v. Gilbert, 330 U.S. 501, 508 (1947). "It is black letter law that a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice should not be lightly disturbed." See Shutte v. Armco Steele Corp., 431 F.2d 22, 24 (3d Cir. 1970).

7

In balancing the factors set out in Jumara v. State Farm Ins. Co., 55 F.3d 873 (3d Cir. 1995), the Court erred in giving weight to the convenience of the witnesses. In Jumara, the court held that courts should consider the convenience of the witnesses "only to the extent that the witnesses may actually be unavailable for trial in one of the fora." Jumara, 55 F.3d at 879. In this instance, Purdue defendants have not alleged that these potential witnesses would actually be unavailable for trail in the Eastern District of Pennsylvania. Accordingly, when this court, determined that venue was improper in the Eastern District, based on the fact that almost all of the material witnesses are located in the Middle District of Pennsylvania, it is clear that this Court overlooked the holding in Jumara, which provides that the convenience of the witnesses is only considered when these witness may be unavailable for trial. This was an error of law.

Further, when considering the Jumara factors, the Court failed to give weight to the fact that the Caron Foundation is located in the Eastern District of Pennsylvania. Plaintiff was admitted to the Caron Foundation for twenty-one (21) days where he was diagnosed and treated for his addiction disease. The Doctors, Psychologists, Nurses and Staff who work at the Caron Foundation, and diagnosed, treated and cared for Plaintiff, Michael Yurcic, are all material witnesses, and are located in within the Eastern District of Pennsylvania. It is an error to assume that "almost all of the material witnesses" are located in the Middle District of Pennsylvania.

The burden of demonstrating the need for transfer rests with the movant, and in ruling on the movant's motion, "**the plaintiff's choice of venue should not be lightly disturbed.**" See Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995. Purdue Defendant has failed in its burden to show that Jumara balancing test weighs heavily in its favor. In granting Purdue Defendant's Motion to Transfer, this Court erred in taking into account the convenience of the witnesses located in the Middle District, when Purdue Defendant was unable to show that these

8

witnesses would actually be unavailable for trial in the Eastern District. Further, the Court erred in assuming almost all of the material witnesses are located in the Middle District, when the Doctors, Psychologists, Nurses and Staff who diagnosed and treated Plaintiff work in the Eastern District. For all of the above reasons, Plaintiffs respectfully request that this Honorable Court reconsider its Order entered on November 8, 2002, and Deny Purdue Defendant's Motion to Transfer Venue.

**WHEREFORE,** Plaintiffs respectfully request that this Honorable Court Grant Plaintiffs' Motion for Reconsideration.

Respectfully submitted,

**ANAPOL, SCHWARTZ, WEISS,
 COHAN, FELDMAN & SMALLEY, P.C.**


BY: _____
SOL H. WEISS, ESQUIRE
TRACY A. FINKEN, ESQUIRE
MARC S. STOLEE, ESQUIRE
Attorneys for Plaintiffs

**DATED:** _____