IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL and KELLY YURCIC | : |
| | : |
| v. | : |
| | : |
| PURDUE PHARMA, L.P. | : C.A. No. 02-CV-3737 |
| and | : |
| PURDUE PHARMA, INC. | : |
| and | : |
| PURDUE FREDERICK COMPANY | : |
| and | : |
| ABBOTT LABORATORIES | : |
| and | : |
| ABBOTT LABORATORIES, INC. | : |
| and | : |
| MORTON RUBIN, M.D. | : |
| and | : |
| HOWARD R. COHEN, M.D. | : |
| | : |

**<u>ORDER</u>**

  **AND NOW**, this    day of      , 2002, upon consideration of the Plaintiffs' Motion for Reconsideration, and the responses, if any, thereto, it is hereby **ORDERED AND DECREED** that said Plaintiffs' Motion is **DENIED**.

                        **BY THE COURT:**

                        _____

                                 J.

Doc#: 1362910 v1

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL and KELLY YURCIC : | |
| : | |
| v. : | |
| : | |
| PURDUE PHARMA, L.P. : | C.A. No. 02-CV-3737 |
| and : | |
| PURDUE PHARMA, INC. : | |
| and : | |
| PURDUE FREDERICK COMPANY: | |
| and : | |
| ABBOTT LABORATORIES : | |
| and : | |
| ABBOTT LABORATORIES, INC. : | |
| and : | |
| MORTON RUBIN, M.D. : | |
| and : | |
| HOWARD R. COHEN, M.D. : | |
| : | |

**REPLY TO PLAINTIFFS' MOTION FOR RECONSIDERATION**

Defendant, Howard R. Cohen ("Answering Defendant"), by and through his attorneys, White and Williams LLP, respectfully submits the following Response to Plaintiffs' Motion for Reconsideration, and in support thereof avers as follows:

1. Denied as Stated. In further Response, the Complaint is in writing and speaks for itself.

2. Denied as Stated. In further Response, the Complaint is in writing and speaks for itself.

3. Denied. The foregoing is a Conclusion of Law to Which No Response is Required. In further Response, The Plaintiff should reasonably been aware of his injuries prior to the running of the Statute of Limitations.

4. Denied. The foregoing is a Conclusion of Law to Which No Response is Required. In further

Doc#:1362910

response, the truth or lack thereof of this statement is irrelevant to issues being argued at this time.

5. Denied as stated. In further Response, the Medical Records are in writing and speak for themselves.

6. Denied as stated. In further Response, the Medical Records are in writing and speak for themselves.

7. Denied as stated. In further Response, the Medical Records are in writing and speak for themselves.

8. Denied. The foregoing is a Conclusion of Law to Which No Response is Required. In further Response, the Standard is not whether Michael Yurcic knew that his addiction was a disease, the standard is whether Michael Yurcic reasonably should have known of his injuries. Dreischalick v. Dalkin Shields Claimants Trust, 845 F.Supp. 310 (W.D.Pa. 1994).

9. Denied. The foregoing is a Conclusion of Law to Which No Response is Required. In further Response, the Standard is not whether Michael Yurcic knew that his addiction was a disease, the standard is whether Michael Yurcic reasonably should have known of his injuries. Dreischalick v. Dalkin Shields Claimants Trust, 845 F.Supp. 310 (W.D.Pa. 1994).

10. Denied as a Conclusion of Law to Which No Response is Required. In further Response, Answering defendants submit that Michael Yurcic reasonably should have known of his injuries prior to the expiration of the Statute of Limitations.

11. Denied as a Conclusion of Law to Which No Response is Required. In further Response, Answering defendants submit that Michael Yurcic reasonably should have known of his injuries prior to the expiration of the

Statute of Limitations.

12. Denied as a Conclusion of Law to Which No Response is Required. In further Response, Answering defendants submit that Michael Yurcic reasonably should have known of his injuries prior to the expiration of the Statute of Limitations.

13. Admitted.

14. Denied as a Conclusion of Law to Which No Response is Required. In further Response, Answering defendants submit that Michael Yurcic reasonably should have known of his injuries prior to the expiration of the Statute of Limitations.

15. Denied as a Conclusion of Law to Which No Response is Required. In further Response, Answering defendants submit that Michael Yurcic reasonably should have known of his injuries prior to the expiration of the Statute of Limitations.

16. Denied as a Conclusion of Law To Which No Response is Required.

17. Denied as a Conclusion of Law To Which No Response is Required.

18. Denied as stated. In further Response, the Medical Records are in writing and speak for themselves.

19. Denied as stated. In further Response, the Medical Records are in writing and speak for themselves.

20. Denied as a Conclusion of Law To Which No Response is Required.

21. Denied as stated. Defendant, Howard R. Cohen, M.D., was a duly licensed physician at all times relevant who maintained an office and regular place of business at 4713 Trindle Road, Mechanicsburg, PA

17055.

22. Denied as a Conclusion of Law to which no Response is Required.

23. Denied as a Conclusion of Law to which no Response is Required.

24. Denied as a Conclusion of Law to which no Response is Required.

25. Denied as stated. In further Response, the Medical Records are in writing and speak for themselves.

26. Denied as a Conclusion of Law to which no Response is Required. In further Response, the Medical Records are in writing and speak for themselves.

27. Denied. After reasonable investigation, answering defendant is without knowledge sufficient to form a belief as to the truth of the allegation contained in paragraph of plaintiff's Motion. It is therefore denied as stated.

28. Denied as a Conclusion of Law to which no Response is Required.

29. Denied. After reasonable investigation, answering defendant is without knowledge sufficient to form a belief as to the truth of the allegation contained in paragraph of plaintiff's Motion. It is therefore denied as stated.

30. Denied as a Conclusion of Law to which no Response is Required.

31. Denied as a Conclusion of Law to which no Response is Required.

32. Denied as a Conclusion of Law to which no Response is Required.

**WHEREFORE**, Defendant, Howard Cohen, respectfully requests that this Court enter an Order Denying Plaintiffs' Motion for Reconsideration.

        *WHITE AND WILLIAMS LLP*

    *By:*    _____
        *ALLAN H. STARR, ESQUIRE*
        *STEPHAN R. PAUL, ESQUIRE*
        *Attorney I.D. Nos. 04975/86896*
        *1800 One Liberty Place*
        *Philadelphia, PA 19103-7395*
        *(215) 864-6228/7076*
        Attorneys for Answering Defendant
        Howard R. Cohen, M. D.

Dated:

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL and KELLY YURCIC : | |
| : | |
| v. : | |
| : | |
| PURDUE PHARMA, L.P. : | C.A. No. 02-CV-3737 |
| and : | |
| PURDUE PHARMA, INC. : | |
| and : | |
| PURDUE FREDERICK COMPANY: | |
| and : | |
| ABBOTT LABORATORIES : | |
| and : | |
| ABBOTT LABORATORIES, INC. : | |
| and : | |
| MORTON RUBIN, M.D. : | |
| and : | |
| HOWARD R. COHEN, M.D. : | |
| : | |

**BRIEF IN SUPPORT OF THE RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION**

Plaintiffs have filed a Motion for Reconsideration, stating that the Court was wrong in Granting Motion of Answering Defendant, Howard R. Cohen, M. D., to Dismiss this Case. Defendant, Howard R. Cohen ("Answering Defendant"), by and through his attorneys, White and Williams LLP, respectfully submits the following Response to Plaintiffs' Motion for Reconsideration, and in support thereof avers as follows:

**I. PROCEDURAL HISTORY**

Plaintiffs, Michael and Kelly Yurcic commenced this action by filing a Praecipe for Writ of Summons on January 4, 2002. A Complaint was filed on May 31, 2002. A copy of this Complaint is submitted herewith as Exhibit "1." On or about June 12, 2002, Co-Defendants, joined by Answering Defendant, filed a Petition for

Doc#:1362910

Removal to this Court on the basis of fraudulent joinder to defeat diversity jurisdiction. A copy of this Petition is submitted as Exhibit "2". On or about July 2, 2002, Plaintiffs filed a Motion for Remand. A copy of this Motion is submitted herewith as Exhibit "3." On or about July 11, 2002, Answering Defendant, Howard R. Cohen, M. D., filed a Motion to Dismiss based on the running of the Statute of Limitations. A copy of this Motion is submitted herewith as Exhibit "4." On or about July 11, 2002, Purdue Defendants filed a Motion to Transfer Venue to The Middle District Court of Pennsylvania. A copy of this Motion is submitted herewith as Exhibit "5." On or about November 8, 2002, this Honorable Court entered an Order granting Dr. Cohn's Motion to Dismiss, Dismissing Co-Defendant, Dr. Rubin, and Granting the Purdue Defendants' Motion to Transfer Venue. A copy of this Motion is submitted herewith as Exhibit "6." On or about November 22, 2002, Plaintiffs filed a Motion for Reconsideration. A copy of this Motion is submitted herewith as Exhibit "7."

## II. STATEMENT OF FACTS

This is an action in negligence and products liability surrounding the addiction of Plaintiff to the narcotic drug OxyContin. The allegations of the plaintiffs against Dr. Cohen and Dr. Rubin, are negligent prescription of OxyContin to which Plaintiff subsequently became addicted. The allegations against Purdue Pharma, L. L. P. and Abbott Laboratories concern the manufacture and negligent warning regarding the drug.

Plaintiff alleges that he came under the care of Dr. Cohen on or about March 8, 1999 in relation to plaintiff's potential self-overdosing of the narcotic drug, OxyContin. Dr. Cohen cared for the plaintiff at Healthsouth Rehabilitation Hospital of Mechanicsburg, Pennsylvania. Dr. Cohen is alleged to have prescribed OxyContin on one occasion, specifically upon plaintiff's discharge from that hospital on March 17, 1999.

## III.  ARGUMENT

Plaintiffs provide no new arguments or information in Support of this Motion for Reconsideration.  They cite the identical cases and the same arguments as in their multiple previous Motions.  Indeed, the same phrases and cites (<u>Crouse v. Cyclops Industries</u>, 560 Pa. 394, 745 A.2d 606 (2000), <u>White v. Owens-Corning Fiberglas Corp.</u>, 447 Pa. 5, 668 A.2d 136 (1995))appear in the Response to Dr. Cohen's Motion to Dismiss, the Plaintiffs' Motion to Remand, and the Motion for Reconsideration.  This Court should deny Plaintiffs' Motion for Remand because at the time the Praecipe for Writ of Summons was filed, the Statute of Limitations had expired, as to Drs. Cohen and Rubin.  Thus, there should be diversity jurisdiction with respect to the Pharmaceutical Defendants.

Plaintiffs incorrectly state that the following:

> The question here is when did plaintiff, Michael Yurcic, know or when should he have known that he had "an addiction disease."  See Exhibit "7" at page 4.

The correct standard is that the statute of limitations does not begin to run until the discovery of the injury is reasonably ascertainable.  <u>Baumgart v. Keene Building Products Corporation</u>, 542 Pa. 194. 666 A.2d 238 (1992). <u>Baumgart</u>, 666 A.2d <u>at</u> 240.  "Conversely, <u>if the existence of the injury and cause thereof are reasonably ascertainable **within** the two-year statutory period, the discovery rule does **not** apply and no tolling occurs</u>.  <u>Baumgart</u>, 666 A.2d <u>at</u> 240 (<u>emphasis</u> <u>added</u>).  In Pennsylvania, the standard for reasonable diligence is an objective or external one that is the same for all individuals.  It is not a subjective standard.  The fact that an individual plaintiff may have lacked knowledge of his or her injury is not relevant.  The Statute is tolled only if a reasonable person in the plaintiff's position would have been unaware of the salient facts.  <u>Baily v. Lewis</u>, 763 F.Supp. 802 (E.D.Pa.1991).  Moreover, while it is true that in most cases, the question of what a plaintiff

should reasonably have discovered is a factual determination that should be left to the jury, in some cases, "the facts will be undisputed and will lead unerringly to the conclusion that the length of time it took a plaintiff to discover the injury or its cause was unreasonable as a matter of law." Anthony v. Koppers Co., Inc., 284 Pa.Super. 81, 425 A.2d 428, *rev'd on other grounds*, 496 Pa. 119, 436 A.2d 181 (1981).

Plaintiffs assert that when Mr. Yurcic was admitted to Caron Foundation for treatment of oxycontin dependence, he was **reasonably unaware** about his addiction. (emphasis added). Sometime during his admission, but, fortuitously just prior to January 4, 2000 (exactly two years prior to the running of the Statute of Limitations), Mr. Yurcic became aware of his "addiction as a disease". In spite of the fact that he remained hospitalized for addiction treatment and remained unaware of his condition, plaintiffs maintain that Mr. Yurcic used "reasonable diligence" to discover his injury.

Plaintiff relies on the standard for reasonable diligence as set forth in Dreischalick v. Dalkin Shields Claimants Trust, 845 F.Supp. 310 (W.D.Pa. 1994). However, this Honorable Court cited this case for the proposition that the Plaintiffs' own assertions belied "any attempt to rely on the Discovery Rule." See Exhibit "6" at page 4. The assertion that Mr. Yurcic was reasonably unaware of his injuries even after his hospitalization at Caron for treatment for addiction is clearly untenable.

Based on the foregoing, when the plaintiffs filed their Praecipe for Writ of Summons on January 4, 2002, the statute of limitations had expired. Accordingly, plaintiffs' claims are barred by the applicable statute of limitations and Plaintiffs' Motion for Reconsideration should be Denied.

## IV.  CONCLUSION

For all the foregoing reasons, Defendant, Howard R. Cohen, M. D., respectfully requests that this Court deny Plaintiffs' Motion for Reconsideration.

*WHITE AND WILLIAMS LLP*

By:  _____
*ALLAN H. STARR, ESQUIRE*
*STEPHAN R. PAUL, ESQUIRE*
*Attorney I.D. Nos. 04975/86896*
*1800 One Liberty Place*
*Philadelphia, PA 19103-7395*
*(215) 864-6228/7076*
Attorneys for Answering Defendant
Howard R. Cohen, M. D.

Dated:

Doc#:1362910

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL and KELLY YURCIC : | |
| : | |
| v. : | |
| : | |
| PURDUE PHARMA, L.P. : | C.A. No. 02-CV-3737 |
| and : | |
| PURDUE PHARMA, INC. : | |
| and : | |
| PURDUE FREDERICK COMPANY: | |
| and : | |
| ABBOTT LABORATORIES : | |
| and : | |
| ABBOTT LABORATORIES, INC. : | |
| and : | |
| MORTON RUBIN, M.D. : | |
| and : | |
| HOWARD R. COHEN, M.D. : | |
| : | |

**CERTIFICATE OF SERVICE**

      I, Stephan R. Paul, Esquire, hereby certify that on the    day of            , 2002, I caused true and correct copies of the foregoing Response to Plaintiffs' Motion for Reconsideration and Brief in Support of the Response to Plaintiffs' Motion for Remand of Defendant, Howard R. Cohen, M. D., to be served upon the following persons, by placing same in the United States mail, first-class and postage prepaid:

TO:   Sol H. Weiss, Esquire

Doc#:1362910

1900 Delancy Place
Philadelphia, PA. 19103

Edward F. Mannino, Esquire
Katherine Menapace, Esquire
One Commerce Square
2005 Market Street-Suite 2200
Philadelphia, PA 19103

Joseph E. O'Neil, Esquire
Penn Mutual Tower, 10th Floor
510 Walnut Street
Philadelphia, PA 19106

Angelo L. Scaricamazza, Jr., Esquire
Kenneth Fair, Esquire
MCNULTY, SCARICAMAZZA &
MCDEVITT, LTD.
One Penn Center - Ste. 1600
1617 John F. Kennedy Boulevard
Philadelphia, PA 19103

                    *WHITE AND WILLIAMS LLP*

       *BY:*   _____
                 *ALLAN H. STARR, ESQUIRE*
                 *STEPHAN R. PAUL, ESQUIRE*
                 *Attorneys for Defendants*
                 *Howard R. Cohen, M. D.*

**Dated:**

Doc#:1362910