IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL and KELLY YURCIC,

                     Plaintiffs,

   v.

PURDUE PHARMA, L.P.,
PURDUE PHARMA, INC.,
PURDUE FREDERICK COMPANY,
ABBOTT LABORATORIES,
ABBOTT LABORATORIES, INC.,
MORTON RUBIN, M.D., and
HOWARD R. CORBIN, M.D.,

                     Defendants.

Case No. 02-3737

**THE PURDUE DEFENDANTS AND ABBOTT'S JOINT OPPOSITION TO
PLAINTIFFS' MOTION FOR RECONSIDERATION
OF THE COURT'S NOVEMBER 8, 2002, ORDER**

     Defendants, Purdue Pharma L.P., Purdue Pharma Inc., The Purdue Frederick Company (collectively, " The Purdue Defendants" except as otherwise noted), and Abbott Laboratories and Abbott Laboratories, Inc. (collectively, "Abbott"), hereby respond to and oppose Plaintiffs' Motion for Reconsideration ("Plaintiffs' Motion") of the Court's November 8, 2002, order ("Order"). In support of this opposition The Purdue Defendants and Abbott rely upon and incorporate herein the accompanying memorandum of law and state as follows:

     1.     Admitted in part, denied in part. The Purdue Defendants and Abbott deny each and every allegation contained in paragraph 1 of Plaintiffs' Motion, except admit that Plaintiffs asserted purported claims for medical malpractice against Morton Rubin, M.D., and Howard R.

Cohen, M.D., and that Plaintiffs asserted purported claims for, *inter alia,* negligence against The Purdue Defendants and Abbott.

2.	Admitted in part, denied in part. To the extent the allegations contained in paragraph 2 of Plaintiffs' Motion are asserted against defendants other than The Purdue Defendants or Abbott, The Purdue Defendants and Abbott deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. The Purdue Defendants deny each and every remaining allegation contained in paragraph 2 of Plaintiffs' Motion, except admit that certain of the Purdue Defendants were, at relevant times, engaged in the business of designing, testing, manufacturing, labeling, advertising, promoting, marketing, selling or distributing OxyContin® Tablets ("OxyContin") throughout the United States, including in the Commonwealth of Pennsylvania. Abbott denies each and every allegation contained in paragraph 2 of Plaintiffs' Motion, except admits that Abbott Laboratories, Inc. provides limited and defined promotional assistance in the marketing of OxyContin in the Commonwealth of Pennsylvania.

3.	Denied. The Purdue Defendants and Abbott deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of Plaintiffs' Motion. By way of further response, the allegations contained in paragraph 3 of Plaintiffs' Motion are contradicted by the allegations contained in Plaintiffs' Complaint.

4.	The Purdue Defendants and Abbott state that paragraph 4 of Plaintiffs' Motion asserts conclusions of law as to which no response is required. To the extent a response is required, The Purdue Defendants and Abbott deny each and every allegation contained in paragraph 4 of Plaintiffs' Motion in that such allegations improperly purport to reduce a

medically complex issue to an absolute conclusion applicable to all persons "addicted" to narcotics.

5. Denied. The Purdue Defendants and Abbott deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of Plaintiffs' Motion.

6. Denied. The Purdue Defendants and Abbott deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of Plaintiffs' Motion.

7. Denied. The Purdue Defendants and Abbott deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of Plaintiffs' Motion.

8. Denied. The Purdue Defendants and Abbott deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of Plaintiffs' Motion.

9. Denied. The Purdue Defendants and Abbott deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of Plaintiffs' Motion.

10. The Purdue Defendants and Abbott state that paragraph 10 of Plaintiffs' Motion asserts conclusions of law as to which no response is required. To the extent a response is required, The Purdue Defendants and Abbott deny each and every allegation contained in paragraph 10 of Plaintiffs' Motion.

11. Denied. The Purdue Defendants and Abbott deny each and every allegation contained in paragraph 11 of Plaintiffs' Motion.

12. Denied. The Purdue Defendants and Abbott deny each and every allegation contained in paragraph 12 of Plaintiffs' Motion. By way of further response, the Complaint establishes that Mr. Yurcic knew of his alleged injury more than two years before this action was filed.

13. Admitted in part, denied as stated. The Purdue Defendants and Abbott admit that this Court entered an Order on November 8, 2002, dismissing Defendants Cohen and Rubin from this matter. The Order is in writing and speaks for itself.

14. The Purdue Defendants and Abbott state that paragraph 14 of Plaintiffs' Motion asserts conclusions of law as to which no response is required. To the extent a response is required, The Purdue Defendants and Abbott deny each and every allegation contained in paragraph 14 of Plaintiffs' Motion.

15. Denied. The Purdue Defendants and Abbott deny each and every allegation contained in paragraph 15 of Plaintiffs' Motion.

16. The Purdue Defendants and Abbott state that paragraph 16 of Plaintiffs' Motion asserts conclusions of law as to which no response is required. To the extent a response is required, The Purdue Defendants and Abbott deny each and every allegation contained in paragraph 16 of Plaintiffs' Motion.

17. Denied. The Purdue Defendants and Abbott deny each and every allegation contained in paragraph 17 of Plaintiffs' Motion.

18. Denied. The Purdue Defendants and Abbott deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of Plaintiffs' Motion.

19. Denied. The Purdue Defendants and Abbott deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of Plaintiffs' Motion.

20. Denied. The Purdue Defendants and Abbott deny each and every allegation contained in paragraph 20 of Plaintiffs' Motion.

WHEREFORE, The Purdue Defendants and Abbott respectfully request that this Honorable Court deny Plaintiffs' Motion for Reconsideration.

21. Denied. The Purdue Defendants and Abbott deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of Plaintiffs' Motion.

22. Denied. The Purdue Defendants and Abbott deny each and every allegation contained in paragraph 22 of Plaintiffs' Motion.

WHEREFORE, The Purdue Defendants and Abbott respectfully request that this Honorable Court deny Plaintiffs' Motion for Reconsideration.

23. Denied. The Purdue Defendants and Abbott deny each and every allegation contained in paragraph 23 of Plaintiffs' Motion.

24. Denied. The Purdue Defendants and Abbott deny each and every allegation contained in paragraph 24 of Plaintiffs' Motion.

25. Admitted in part, denied in part. The Purdue Defendants and Abbott deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of Plaintiffs' Motion, except admit that the Caron Foundation is located in the Eastern District of Pennsylvania.

26. Denied. The Purdue Defendants and Abbott deny each and every allegation contained in paragraph 26 of Plaintiffs' Motion.

27. Admitted in part, denied in part. The Purdue Defendants and Abbott deny each and every allegation contained in paragraph 27 of Plaintiffs' Motion, except admit upon information and belief that Plaintiffs do not reside in the Eastern District of Pennsylvania.

28. The Purdue Defendants and Abbott state that paragraph 28 of Plaintiffs' Motion asserts conclusions of law as to which no response is required. To the extent a response is required, The Purdue Defendants and Abbott deny each and every allegation contained in paragraph 28 of Plaintiffs' Motion.

29. Admitted. The Purdue Defendants admit that they did not allege that certain witnesses would actually be unavailable for trial in the Eastern District of Pennsylvania.

30. Denied. The Purdue Defendants and Abbott deny each and every allegation contained in paragraph 30 of Plaintiffs' Motion.

31. The Purdue Defendants and Abbott state that paragraph 31 of Plaintiffs' Motion asserts conclusions of law as to which no response is required. To the extent a response is required, The Purdue Defendants and Abbott deny each and every allegation contained in paragraph 31 of Plaintiffs' Motion.

32. Denied. The Purdue Defendants and Abbott deny each and every allegation contained in paragraph 32 of Plaintiffs' Motion.

WHEREFORE, The Purdue Defendants and Abbott respectfully request that this Honorable Court deny Plaintiffs' Motion for Reconsideration.

        AKIN, GUMP, STRAUSS, HAUER &
        FELD, L.L.P.


        _____
        Edward F. Mannino (Atty. I.D. #04504)
        David L. Comerford (Atty. I.D. #65969)
        Katherine Menapace (Atty. I.D. #80395)
        Jason A. Snyderman (Atty. I.D. #80239)
        One Commerce Square
        2005 Market Street, Suite 2200
        Philadelphia, Pennsylvania  19103
        (215) 965-1200

Attorneys for Defendants Purdue Pharma LP, Purdue Pharma Inc. and The Purdue Frederick Company

   LAVIN, COLEMAN, O'NEIL, RICCI
   FINARELLI & GRAY


   _____
   Joseph E. O'Neil, Esquire
   510 Walnut Street, Suite 1000
   Philadelphia, PA 19106
   (215) 627-0303

Attorney for Defendants Abbott Laboratories and Abbott Laboratories, Inc.

## CERTIFICATE OF SERVICE

I, Jason A. Snyderman, Esquire, hereby certify that a true and correct copy of the foregoing Purdue and Abbott's Joint Opposition to Plaintiffs' Motion for Reconsideration was served this 6th day of December, 2002, upon the following, via United States first class mail:

SOL H. WEISS, ESQUIRE
MARC STOLEE, ESQUIRE
Anapol, Schwartz, Weiss, Cohan,
Feldman & Smalley, P.C.
1900 Delancey Place
Philadelphia, PA 19103

Joseph E. O'Neil, Esquire
Lavin, Coleman, O'Neil, Ricci
Finarelli & Gray
510 Walnut Street, Suite 1000
Philadelphia, PA 19106

Allan H. Starr, Esquire
Stephan R. Paul, Esquire
White & Williams, LLP
1800 One Liberty Place
Philadelphia, PA 19103

Kenneth Fair, Esquire
Naulty, Scaricamazza & McDevitt
Suite 1617 John F. Kennedy Blvd.
Philadelphia, PA 19103

_____
Jason A. Snyderman